CASE 9—PETITION ORDINARY—MAY 7, 1885.

## L. & N. R. R. Co. v. Willis.

APPEAL FROM SHELBY CIRCUIT COURT.

1. IF ONE ENGAGES THE SERVANT OF ANOTHER IN AN OBVIOUSLY DANGEROUS BUSINESS he renders himself responsible for any injury the servant may sustain while so engaged, and which can rationally be attributed to the undertaking; and this is so, even if the injury

| 83 | 57 |
| 110 | 930 |

| 83 | 57 |
| 133 | 674 |

| 83 | 57 |
| e137 | 565 |

L. & N. R. R. Co v. Willis.

results immediately from the neglect or unskillfulness of the servant; nor is it necessary, to authorize the recovery, that the servant should have been employed by the defendant *for wages* when the injury was received.

2. PARENT AND CHILD—MASTER AND SERVANT.—The duty of a father to educate and maintain his minor son entitles him to the son's services, and creates the relation of master and servant between them. In this case it is held that a father is entitled to recover of a railroad company for an injury received by his minor son while rendering the company service as brakeman on a train, under the direction of the conductor, although the son was not employed by the company *for wages*.

W. LINDSAY FOR APPELLANT.

1. As the appellant did not hire the appellee's son and was guilty of no neglect, it is not liable for an injury resulting to the boy from his voluntary attempt to render a personal service to the company's conductor.

2. As the injured boy was not an infant *of tender years*, the extreme rule contended for by counsel for appellee does not apply.

L. A. WEAKLEY ON SAME SIDE.

There is no evidence that appellant employed appellee's son, as neither the company nor its conductor exercised any control over him, or claimed any interest in him or his services. (R. R. Co. v. Kidd, 7 Dana, 245; Bosworth v. Brand, 1 Dana, 377.) And unless the appellant *employed* the boy, his father can not recover.

L. C. WILLIS FOR APPELLEE.

Brief withdrawn.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, W. J. Willis, recovered a judgment in the lower court for five hundred dollars for trouble and expense in caring for his son and the loss of his service, arising from an injury to him while engaged in coupling the cars of the appellant.

The father bases his right to recover upon the fact that his son was under age, and that the appellant, without his knowledge or consent, employed and permitted the son to render service for it in the hazardous capacity of brakeman.

The answer denies the allegations of the petition, and alleges affirmatively, among other matters, that the injury resulted solely from the son's negligence.

If this statement were material, yet it is denied, because the order filing the answer recites that, by consent, its affirmative statements are traversed.

It appears that the son had, prior to the date of the injury, been in the employ of the appellant for wages, but had been discharged; and that when the injury was received he was voluntarily acting as brakeman, by the request or at the instance of the conductor in charge of the train.

It consisted of sixteen cars, and had but one brakeman, beside the son, upon it, although, according to the testimony, at least three were necessary or usual; and, although the conductor testifies that he did not know when or where the son boarded the train, yet it is quite evident that he, as appellant's general agent for all purposes relating to the running of it, knew, long before the accident occurred, that the son was rendering the appellant service as brakeman, and, in fact, the conductor was giving directions to him as such and as to the very work he was doing when the accident occurred.

It is not necessary that he should have been employed for wages when the injury was received in order that the father may recover. If he was then rendering service for the appellant by the request or direction of its general agent as to the business in hand, and which was certainly of a character dangerous to life and limb, then, being under age, it

was a wrongful interference with the right of the appellee to control him.

The conductor knew from his appearance that he was under age, and he received and used him. This was an exercise of dominion and illegal control over him by the general agent of the appellant at war with the father's rights. The appellant can not shelter under the claim that it did not know that the appellee objected to the son rendering the service, since it was its duty to know that the appellee was willing to it before it took control of him.

The duty of the father to educate and maintain the son entitled the former to the son's services, and placed him in the attitude of a master to him, or created the relation of master and servant; and any interference with the master's right to control the servant by another, renders the latter liable at least for any injury that was likely to result from such illegal conduct. If one engages the servant of another in an obviously dangerous business, he renders himself responsible for any injury the servant may sustain while so engaged, and which can rationally be attributed to the undertaking; and this is so, even if the injury results immediately from the neglect or unskillfulness of the servant, owing to the fact that the person, by so illegally interfering, assumes all the risk incident to the service.

The instructions in the case conform to this rule. The lower court, in saying in the first instruction, that if the son was "*employed*," etc., must be understood as meaning simply that if the son was then rendering service for the appellant, and not

that he must have been engaged at the time under a contract for wages; and there is, therefore, no conflict between the evidence and the instruction, and it does not seem to us to assume, as counsel claim, that the conductor had the authority from the appellant to employ the son.

Judgment affirmed.