YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. ANDREW
H. STANSBERRY.

## [53 South. 389.]

1. RAILROADS. *Conductor.* *Authority to employ help.*

A railroad conductor, by virtue of his employment as such, has no
authority to engage servants for the railroad company in the
absence of an emergency demanding extra labor.

2. SAME. *Infant employed by conductor.* *Injuries to.* *Liability to
father.*

Where a railroad conductor, in the absence of any emergency and
without authority, agreed to permit plaintiff's infant son to ride
on a freight train, in consideration of his services in assisting
the train crew in loading and unloading freight, the railroad
company was not liable to plaintiff, the father, for injuries sus-
tained by the son, resulting from his unskillfulness.

FROM the circiut court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Stansberry, appellee, was plaintiff in the court below; the
railroad company, appellant, was defendant there. From a
judgment in plaintiff's favor defendant appealed to the supreme
court. The facts of the case are stated in the opinion of the
court.

*Mayes & Longstreet,* for appellant.

The brief of counsel for appellant had been withdrawn or was
lost from the record when it came to the reporter; hence, a
synopsis of it is not given.]

*Bramlette & Tucker,* for appellee.

Appellant, defendant in the court below, employed Meyer
Stansbury, the minor son of appellee, without his father's con-
sent, and while in his father's service, and put him to hazardous

work on its train and while employed and working under the orders of appellant's servants, the son was seriously injured, losing one foot, which rendered him unfit for further service to his father, and a charge upon him.

A father has the right to the services of his minor child, and under the facts of this case, appellant is liable for all damages sustained by appellee on account of appellant's unlawful employment of his minor son in the hazardous work on its train, regardless of the question of contributory negligence, which is no defense. *Louisville, etc., R. Co. v. Willis,* 83 Ky. 58, 4 Am. St. Rep. 124. This case is cited with approval in 14 Am. & Eng. Ency. of Law (1st ed.) 755.

Code 1906, § 1080, makes it a crime for any one to employ a minor without the father's consent, thus emphasizing the policy of protecting the father's right to the service of his minor son.

SMITH, J., delivered the opinion of the court.

Appellee's minor son, aged seventeen years, without appellee's knowledge or consent, desiring to go from the town of Ashwood to the town of Slaughter and return, applied to the conductor of one of appellant's mixed trains for permission to travel thereon, in consideration of his assisting the train crew in loading and unloading freight. To this the conductor agreed. While rendering such service the boy was injured, without negligence on the part of appellant or its employes. No evidence was introduced by either side tending to show what authority the conductor had to employ assistance in operating his train, other than the employes furnished him by the railroad company. At the close of the evidence the court peremptorily instructed the jury to find for the plaintiff, leaving to their determination only the amount of damages. From a verdict and judgment in favor of appellee, this appeal is taken.

The contention of appellee is that the relation of master and

servant existed between him and his son, and that appellant, by employing his son, his servant, without his (appellee's) consent, in an obviously dangerous business, became responsible to the appellee for any injury which his son might sustain while so engaged, and which can be rationally attributed to the undertaking, even though the injury resulted immediately from the negligence or unskillfulness of his son; that the act of the conductor in employing his son was the act of appellant for which appellant is responsible. In this he is fully supported by the decision of the supreme court of Kentucky in *Railroad Co. v. Willis*, 83 Ky. 57, 4 Am. St. Rep. 124, a case wherein the facts were almost identical with the facts in the case at bar. The primary test to determine appellant's liability is whether the act of its conductor in employing appellee's son was within the scope of the conductor's employment. If not, no liability attaches therefor. All of the authorities seem to agree that a conductor at a railroad train, simply by virtue of his employment as such and without being specially authorized so to do, has no authority to employ agents or servants for the company, except in cases of emergency demanding extra labor. 1 Elliott on Railroads (2d ed.) § 302, and authorities as cited.

If the ground of the decision of the Kentucky court in the case of *Railroad Co. v. Willis, supra,* is that in employing the plaintiff's minor son the conductor was acting within the scope of his authority, then the decision is necessarily overruled by the later case of *Clarke v. Railroad Co.,* 111 S. W. 344, 33 Ky. Law Rep. 797, wherein the court laid down the rule as we have hereinbefore stated it. The ground of this decision seems to be that, while the plaintiff's son was not employed by the conductor in the sense that he was to receive wages for his labor, he was, at the request or under the direction of the conductor, rendering service for the railroad company at the time of injury, and that the request or direction of the conductor was a wrongful interference with the rights of the plaintiff, for which the railroad

company was responsible. In the absence of an emergency requiring such, it was equally beyond the scope of the conductor's employment for him to request or direct a person to render service for the railroad company, where such person was not already employed by the company. The right so to do would necessarily carry with it the right of such person to demand pay from the company for the service rendered. In the absence of an emergency, a conductor is limited in the operation of his train to the service of such persons as are furnished him by the master for that purpose.

It follows, from the foregoing views, that appellant was not responsible for the act of the conductor in employing appellee's son, and that the trial court erred in granting the peremptory instruction requested by appellee. We express no opinion relative to the other questions involved herein.

*Reversed and remanded.*