MANUFACTURERS' LIABILITY INSURANCE COMPANY, Appellant, *v.* OVERSEAS SHIPPING CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, November 18, 1927.

**Workmen's compensation — third party action — action by insurance carrier to collect, under Workmen's Compensation Law, § 29, compensation paid claimant injured through negligence of workman not in employ of claimant's employer — plaintiff's rights, under statutory assignment, were not divested by claimant's death.**

This is an action by an insurance carrier to collect, pursuant to section 29 of the Workmen's Compensation Law, the amount of compensation paid a claimant who was injured through the negligence of a workman not in the employ of claimant's employer.   Notwithstanding the fact that during the pendency of the carrier's action, based upon the statutory assignment given under section 29 of the Workmen's Compensation Law, claimant died from causes not connected with the injuries, plaintiff's rights conferred by said statute were not divested.

It was the intent of the Legislature that a carrier, making payment under the terms of the Workmen's Compensation Law which vested in the insurance company a cause of action by assignment, should not be deprived of its right of action by the death of the assignor.

APPEAL by plaintiff from judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of defendant.

*James & Mitchell* [*W. Ludlow James* of counsel], for the appellant.

*Norman G. Hewitt* [*Clarence E. Mellen* of counsel], for the respondent.

PER CURIAM.   One Jordan suffered a fracture of the thumb through the falling of a box, caused by the alleged negligence of a workman not in the employ of Jordan's employer, and under section 29 of the Workmen's Compensation Law (as amd. by Laws

of 1924, chap. 499) he elected to take the statutory compensation, and received an award which was paid by the plaintiff herein, the insurance carrier.   The same section provides that if the workman " elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other [the employer of the workman causing the injury] to the state for the benefit of the state insurance fund, if compensation be payable therefrom" and otherwise to the insurance carrier.

After the beginning of this suit by the carrier based on the statutory assignment Jordan died from causes not connected with the injuries, and at the close of the trial the court upon defendant's motion dismissed the complaint on the ground that Jordan's death divested the plaintiff of the rights conferred by the statute.

We think the court's construction of the statute should not be sustained.

But for the statute Jordan had no assignable cause of action, and his death would have completely wiped out his claim against the tort feasor.   The Legislature, however, made the claim for damages assignable, and while ordinarily a defense existing against an assignor may be availed of against his assignee, in this instance where the act provides for payment to the injured party of an award based upon his election and the assignment of the theretofore unassignable cause of action to the carrier paying the award, it was surely not the intention of the Legislature that the assignment should confer a claim which would be nullified by the death of the injured employee.   Such a construction, which would deprive the carrier of its property rights, would clearly defeat the intention of the statute and must be rejected.   As the court has said in *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 403): " The courts are bound to enforce enacted legislative intent;" and it was undoubtedly the intent of the Legislature that a carrier making payment under the terms of an act which vested in the insurance company by assignment a cause of action should not be deprived of its right of action by the death of the assignor.   Assignability and survivability are ordinarily convertible terms.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, DELEHANTY, LYDON and CRAIN, JJ.