## NORTHERN STATES CONTRACTING COMPANY v. WEBSTER C. OAKES.[1]

March 2, 1934.

No. 29,487.

*Doherty, Rumble, Bunn & Butler* and *William Mitchell,* for appellant.

*Orr, Stark, Kidder & Freeman,* for respondent.

*LORING, Justice.*

The plaintiff seeks to recover $8,356.71 alleged to be the increased amount which it has been required to pay as premiums for workmen's compensation insurance during the years 1928 to 1932 on account of the death of Joseph Enrighter, an employe who was killed while in its service by the negligence of the defendant. The plaintiff has appealed from an order sustaining a demurrer to the amended complaint.

The plaintiff corporation was engaged exclusively in construction work for governmental bodies, including the state, counties, and cities. The plaintiff and Enrighter were subject to the workmen's

[1] Reported in 253 N. W. 371.

compensation act, and the plaintiff was insured against liability thereunder. In 1926 it had a contract with the city of St. Paul for the construction of a sewer system and engaged defendant as a subcontractor to drive some piling necessary for the performance of this work. The operation of driving the piles was conducted in close proximity to employes of the plaintiff who were engaged in other branches of its work. June 3, 1926, the defendant, it is alleged, so negligently conducted his operations that a pile fell upon and killed Enrighter.

1 Mason Minn. St. 1927, §§ 3612-3634, established a state rating bureau which fixes rates for insurance premiums to be charged by insurers against liability under the workmen's compensation act. Premiums vary from employer to employer and are fixed in part according to experience records which include the accidents occurring in the employer's work. It is alleged that as a result of the killing of Enrighter through defendant's negligence the plaintiff's rating was increased during the years 1928 to 1932, inclusive, so that in the year 1928 the increase was $51.89; in 1929, $1,455.26; in 1930, $6,138.92; in 1931, $710.06; in 1932, 58 cents. These sums total $8,356.71, the amount which the plaintiff seeks to recover in this action.

The defendant takes the position that the damages sought to be recovered by the plaintiff are too remote to be the proper subject of recovery. As we view the case, the determination of this question disposes of the appeal. At the outset it will be observed that this is not an action wherein the plaintiff by subrogation seeks to recover what, under the compensation act, it has been compelled to pay to an injured employe or to the dependents of a deceased employe. This employe had no dependents. The plaintiff relies largely upon such cases as Travelers Ins. Co. v. Great Lakes Engineering Co. (C. C. A.) 184 F. 426, 36 L.R.A. (N.S.) 60, wherein the plaintiff sought to recover such expenditures by reason of its right of subrogation. Plaintiff here seeks to recover damage to itself by reason of defendant's negligence in killing its employe. The plaintiff's obligation to its employe was contractual in its nature. State ex rel. Chambers v. District Court, 139 Minn. 205, 207, 166

N. W. 185, 3 A. L. R. 1347; and the fact that it had to carry compensation insurance in order to fulfill that obligation was incident to the contract obligation to its employe. In the case of Mobile L. Ins. Co. v. Brame, 95 U. S. 754, 758, 24 L. ed. 580, where the company which insured the life of one McLemore sought to recover the amount of such life insurance from Brame, who had killed McLemore, the court said:

"The relation between the insurance company and McLemore, the deceased, was created by a contract between them, to which Brame was not a party. The injury inflicted by him was upon McLemore, against his personal rights; that it happened to injure the plaintiff was an incidental circumstance, a remote and indirect result, not necessarily or legitimately resulting from the act of killing."

The Supreme Court cited with approval the case of Rockingham Mut. F. Ins. Co. v. Bosher, 39 Me. 253, 63 Am. D. 618, where recovery was denied to an insurance company which brought suit against one who had wilfully fired a store upon which it had a policy of insurance. The suit was evidently brought, not under any claim of subrogation, but in damages for the direct loss to the insurance company. The supreme court of Maine held that the damages were too remote and indirect to be recovered in such an action. The Supreme Court also cited with approval the case of Anthony v. Slaid, 11 Metc. 290, where a plaintiff who was under contract to support town paupers had been subjected to extra expense in consequence of personal injuries inflicted upon one of them by the defendant. It was there held that the damage was remote and indirect and not sustained by means of any natural or legal relation between plaintiff and the party injured, but simply by means of a special contract between plaintiff and the town. In the case of Connecticut Mut. L. Ins. Co. v. N. Y. & N. H. R. Co. 25 Conn. 265, 274, et seq., 65 Am. D. 571, the court had under consideration a suit by the insurance company to recover from the railroad company the life insurance which it had to pay under a policy held by a passenger negligently killed by the railroad company. The court said [25 Conn. 274]:

"The single question is, whether a plaintiff can successfully claim a legal injury to himself from another, because the latter has injured a third person in such a manner that the plaintiffs' contract liabilities are thereby affected."

The court held [25 Conn. 276]:

"The loss of the plaintiffs, although due to the acts of the railroad company, being brought home to the insurers only through their artificial relation of contractors with the party who was the immediate subject of the wrong done by the railroad company, was a remote and indirect consequence of the misconduct of the defendants, and not actionable."

The court also took occasion clearly to distinguish those cases which were brought under the right of subrogation. See also Inter-State Tel. & Tel. Co. v. Public Service Elec. Co. 86 N. J. L. 26, 90 A. 1062; Brink v. Wabash R. Co. 160 Mo. 87, 60 S. W. 1058, 53 L. R. A. 811, 83 A. S. R. 459; Taylor v. Neri, 1 Esp. 386. As well said by Mr. Justice Mitchell in North v. Johnson, 58 Minn. 242, 245, 59 N. W. 1012:

"In strict logic and morally it may be said that he who commits a wrongful act should be answerable for all the losses which flow from that act, however remote. But, as has been said, it were infinite for the law to attempt to do this, and any such rule would set society on edge, and fill the courts with endless litigation. Hence the law has been compelled to adopt the practical rule of looking only to the proximate cause, and to the natural and proximate or immediate and direct result; and whatever differences there may be, in other respects, between the measure of damages in actions for breach of contract and in actions of tort, the rule is the same in both,—that only such damages are recoverable as are the natural and proximate consequence of the breach or wrongful act, and not those that are remote."

In our opinion the damages sought to be recovered in this case are too remote. The situation is not changed by the fact that defendant was a subcontractor of plaintiff.

The order sustaining the demurrer is affirmed.