## DECKER CONSTRUCTION CO., Plaintiff, v. MATHIS, Defendant.

Common Pleas Court, Franklin County.

No. 188329.  Decided November 10, 1953.

R. T. Boehm, Columbus, for plaintiff.
Arnold, Wright, Purpus, Morris, Columbus, for defendant.

### OPINION

By REYNOLDS, J.

Defendant's demurrer to the second cause of action in plaintiff's petition is sustained.

In this case plaintiff seeks to recover from defendant the increased amount of premiums it has been and will be compelled to pay by reason of the awards made under the Workmen's Compensation Act, resulting from deaths and injuries to several of plaintiff's employees and which deaths and injuries were caused by defendant's negligence.

Plaintiff is a contributor to the State Insurance Fund and by reason of the awards and payments made under the Ohio Workmen's Compensation Act plaintiff's assessments or premiums are materially increased.

Defendant's demurrer is based on the claim that the second cause of action in plaintiff's petition does not state facts which constitute a cause of action and reliance is had on the case of Truscon Steel Co. v. Trumbull Cliffs Furnace Co., 120 Oh St 394 in which case the court held that

"An employer, whether a self-insurer or otherwise cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party or otherwise."

Plaintiff differentiates the instant case in that in that case the employer was a self insurer and sought to recover from a third party an award for injuries to an employee. due to the negligence of that third party, while in the instant. case the employer is a contributor to the Workmen's Compensation Fund. Reliance is had on the case of **Midvale Coal Co. v. Cardox Corp., 152 Oh St 437,** in which the court held that

"3. Where a third party negligently injuries an employer's employee and such injury is a direct result of a breach of contract which the third party had with employee's employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable by the employer against the third party in an action for breach of contract."

However, the distinction between that case and the Truscon case was that in the MIDVALE case the court based its finding on the fact that the third party who caused injury to an employee of plaintiff, by its negligence, at the same time caused an injury to the plaintiff by a breach of its contract and in its opinion the court said

"Defendant relies, inter alia, upon the well considered case of Northern States Contracting Co. v. Oakes, 191 Minn., 88, 253 N. W., 371, 92 A. L. R., 1201. In a syllabus by the court in that case it is stated:

" 'Increased workmen's compensation insurance premiums which plaintiff had to pay in consequence of an employee's death caused by a negligent act of defendant, a subcontractor, are too remote and indirect results of such wrongful act as to be recoverable.'

**"That case would be most persuasive if it were applicable to the instant case,** but in the Northern States case the workman was killed by the negligence of a third party, and, although that negligence was a breach of duty by the party guilty of it toward the one who was killed, it was not a breach of any duty owed to the employer of the killed employee.

"The A. L. R. report of the Northern States case is followed by an annotation, and all the cases there considered involved attempts to recover for torts committed where the tort-feasor owed no duty to the one seeking recovery."

In the Northern States case, the court, in quoting from another case, said:

" 'The injury inflicted by him was upon McLemore, against his personal rights; that it happened to injure the plaintiff was an incidental circumstance, a remote and indirect result, not necessarily or legitimately resulting from the act of killing.'

**"If, in the instant case, plaintiff's employee had been in-**

jured through the negligence of a third party, which party owed no duty to plaintiff, it could well be argued that any damages which plaintiff suffered as a result of the injury to his employee would be too remote for plaintiff to recover. In such a situation the breach of duty by the third party would be toward only the person of plaintiff's employee by one who owed no duty to plaintiff. Such was the situation in the Truscon case." (Emphasis ours.)

The court is of the opinion that the Midvale case not only does not support plaintiff's right to recover, but on the other hand is authority against that right.