(RAY W. BETTS) CITY OF ST. PAUL v. KEITH W. SORENSON.

167 N. W. (2d) 17.

March 28, 1969—No. 41322.

*Mordaunt, Walstad, Cousineau & McGuire* and *S. W. Shaughnessy,* for appellant.

*Dworsky, Rosen & Ravich,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

On September 17, 1964, an action was instituted by Ray W. Betts against Keith W. Sorenson to recover damages for personal injuries resulting from a collision. By stipulation dated February 28, 1967, it was established that the accident occurred December 29, 1963, and was caused solely by the negligence of Sorenson. The personal injuries sustained by Betts made medical treatment necessary and caused compensable disability for which the city of St. Paul became responsible under the Workmen's Compensation Act as Betts' employer. He died on January 2, 1966, but the accident was not a cause of his death.

Defendant has agreed that the claim of the city for the recovery of payments made by it pursuant to the Workmen's Compensation Act can be asserted in this action subject to the defense that the right of recovery has abated by virtue of Minn. St. 573.01, which provides that a cause of action arising out of injury to the person dies with the person. The trial court upheld the defense and the appeal is taken to test the correctness of this ruling.

The city contends that its statutory cause of action [1] for the recovery

---

[1] Minn. St. 176.061, subd. 5, provides in part: "If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages."

Minn. St. 176.061, subd. 7, provides "* * * [T]he employer shall have a separate additional cause of action against such third party to recover any amounts paid by him for medical treatment under this section resulting from the negligence of such third party. This separate cause of action of the employer may be asserted in the separate action brought by the employer against

160

of money paid to Betts survives the death of the employee because, although § 573.01 provides that "[a] cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists," (subject to exceptions not now relevant),[2] all other causes of action do survive.

The question is whether the legislature in granting to the employer a cause of action for workmen's compensation benefits paid to an injured employee as it did by enacting the laws now embraced in § 176.061, subds. 5 and 7, intended that this cause of action should abate on the death of the employee. There is nothing in the statute which gives a clear answer, and there is no prior decision of this court dealing with the matter specifically.

Minn. St. 176.061 authorizes an employer who has assumed his obligation under the Workmen's Compensation Act to press an action against the third-party tortfeasor, recovering as damages the amounts paid pursuant to the act. There are strong considerations of fairness and policy underlying this statute.[3] We can see no logical reason why the legislature would make the employer's assertion of this cause of action contingent upon the continued life of the employee. The loss to the employer resulting from the third-party's negligence is the same, whether the employee be living or dead. The death of the employee after receipt of the workmen's compensation payments does not alter the fact that the

_such third party_ or in the action commenced by the employee or the employer under this chapter, * * *." (Italics supplied.)

[2] Minn. St. 573.02 was amended by L. 1967, c. 158, § 2, and the following subdivision was added: "When injury is caused to a person by the wrongful act or omission of any person or corporation and the person thereafter dies from a cause _unrelated_ to those injuries, the trustee appointed * * * may maintain an action for special damages arising out of such injury if the decedent might have maintained an action therefor had he lived." (Italics supplied.) This amendment was approved on April 12, 1967, but cannot be given retroactive effect in this situation where the death involved occurred on January 2, 1966.

[3] See, Thibault v. Bostrom, 270 Minn. 511, 134 N. W. (2d) 308; American Mutual Lia. Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N. W. (2d) 178; City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622.

employer has sustained a loss arising from the obligations imposed by the Workmen's Compensation Act, which became integrated in the contract of employment by force of law. This loss results directly and proximately from the wrong of another. The death of the injured employee does not add materially to the burden of the wrongdoer in so far as the conduct of his defense is concerned. To permit the employer to proceed with his case notwithstanding the death of the employee does not offend the policy against the splitting of a unitary cause of action so as to multiply litigation, at least in this case, because, the employee being deceased, the only cause of action remaining for damages sustained between the date of the accident and the date of death is that which resides in the employer.[4]

The statutory cause of action awarded to the employer by § 176.061 is similar to that afforded at common law to an employer sustaining loss by reason of injury to an employee through the negligence of another.[5] In Jones v. Waterman SS. Corp. (3 cir.) 155 F. (2d) 992, for example, it was held that a shipowner, compelled to make payments for maintenance and cure to a sailor injured as a result of a defendant's negligence, was entitled to assert a common-law cause of action for the payments made on the theory that the loss sustained resulted from an interference with the contract relationship existing between the employer and employee.

In Northern States Contracting Co. v. Oakes, 191 Minn. 88, 253 N. W. 371, 92 A. L. R. 1201,[6] we held that the increased workmen's compensation insurance premiums which plaintiff had to pay because of an employee's death were a loss too remote and indirect to be recoverable from the third person whose negligence caused the death. The employer was not asserting a right to recover workmen's compensation benefits paid. The employee was killed in the accident and had no dependents.

---

[4] See footnote 2, *supra.*

[5] See, Annotation, 57 A. L. R. (2d) 802; 57 C. J. S., Master and Servant, § 622; 35 Am. Jur., Master and Servant, § 530; Prosser, Torts (3 ed.) § 123, p. 962, and authorities cited in notes 44 and 45.

[6] See, also, Fischer Const. Co. v. Stroud, 175 Ohio St. 31, 191 N. E. (2d) 164; Decker Const. Co. v. Mathis, 68 Ohio L. Abs. 280, 122 N. E. (2d) 38.

But this language in that opinion is significant (191 Minn. 89, 253 N. W. 371):

"* * * Plaintiff here seeks to recover damage to itself by reason of defendant's negligence in killing its employe. The plaintiff's obligation to its employe was contractual in its nature. State ex rel. Chambers v. District Court, 139 Minn. 205, 207, 166 N. W. 185, 3 A. L. R. 1347; and the fact that it had to carry compensation insurance in order to fulfill that obligation was incident to the contract obligation to its employe."

The oblique light which the Northern States Contracting case casts on our present problem comes from the circumstance that we recognized there, implicitly at least, that in some situations an employer does have a common-law cause of action against a third-party tortfeasor who causes injury to his servant for the direct and proximate damage caused by the third-party's negligence, and that this loss, in so far as it results from the burden imposed by the Workmen's Compensation Act, arises from the employment contract. The contractual basis of the employer's obligation in such a situation was also recognized in our recent case of Hagberg v. Colonial & Pac. Frigidways, Inc. 279 Minn. 396, 157 N. W. (2d) 33. See, also, 4 Williston, Contracts (Rev. ed.) § 1028A.

It is true that some courts have held that at common law the master had no cause of action based on the killing of his employee. This was, however, premised on a historical circumstance that has no significance these days, i. e., that the party causing the death of the servant was subject to prosecution as a felon, an offense punishable exclusively by the Crown.[7] In any event, the present action is not for damages attributable to the death of the employee; it is for recoupment of the sums paid to the employee *before* his death.

The master's common-law cause of action for damages received through injury to his servant is much like the cause of action which common law gave to a husband against a wrongdoer who caused injury to

---

[7] See, Higgins v. Butcher, (1607) Yelv. 89, 80 Eng. Rep. 61; Baker v. Bolton, 1 Campb. 493, 170 Eng. Rep. 1033. Note, Holdsworth, *The Origin of the Rule in Baker v. Bolton*, 32 L. Q. Rev. 431.

the wife,[8] and, while we have no case in Minnesota dealing with the survivability of the former, we do have a decision holding that the husband's common-law action for injuries to his wife survives her death. In Fowlie v. First Minneapolis Trust Co. 184 Minn. 82, 237 N. W. 846, 78 A. L. R. 589,[9] it was held that a husband's cause of action for medical expenses and nursing incurred in attempting to cure his wife of the injuries negligently inflicted survives her death and the death of the wrong-doer.

The third-party tortfeasor contends that the plaintiff's cause of action abated upon the death of the employee, reasoning that the claim is one covered by § 573.01 in so far as it provides that a cause of action arising out of the injury to the person dies with the person of the party in whose favor it exists. As noted, the cause of action of the employer arises directly out of his status as an employer, a situation comparable to that of a husband vis-a-vis his wife, and in the Fowlie case we said with respect to the latter relationship (184 Minn. 84, 237 N. W. 847):

"* * * It is true that the husband here would not have had the cause of action alleged unless his wife had been injured, and in that sense it may be said that his action arose out of 'injury to the person.' But the sentence refers to only two persons, the injured person and the one who perpetrated the injury; and we think the cause of action which dies with the death of either one of the two is the cause of action which arose in favor of the one injured for the personal damages suffered, and not for consequential damages suffered by a third party in his estate."

In any event, we are unable to conceive of any reason why the legislature would have intended to incorporate the statutory inhibitions appearing in § 573.01 when it enacted § 176.061, subds. 5 and 7. The tendency of legislatures has been to extend the survivability of causes of ac-

---

[8] See, United States v. Standard Oil Co. 332 U. S. 301, 312, 67 S. Ct. 1604, 1610, 91 L. ed. 2067, 2074; Louisville & N. R. R. Co. v. Willis, 83 Ky. 57, 6 Ky. L. R. 784, 4 A. S. R. 124; Guy v. Livesey, 16 Jac. 1, 79 Eng. Rep. 428. See, also, Pollock, Torts (15 ed.) p. 167.

[9] For a current case affirming this principle, see State Farm Mutual Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 122 N. W. (2d) 36.

tion rather than the reverse. See, Prosser, Torts (3 ed.) § 120, p. 923, and authorities cited in note 35. Paraphrasing Prosser's comments: Why should a fortuitous event, such as the death of an employee who has received workmen's compensation benefits, extinguish what would otherwise be the valid right of action in the employer provided in § 176.061, subds. 5 and 7? Other than the fact that it was the common-law rule that causes action for injury to the person died with the person, we are unable to find any reasonable answer to that question.

The common-law rule was itself based on historical and procedural circumstances which have no real meaning today. We recognized this to be the case in Eklund v. Evans, 211 Minn. 164, 168, 300 N. W. 617, 620, where we said with respect to our survivor statute:

"Plaintiff argues with singular ability and persuasiveness that the rule that a cause of action arising out of injury to the person dies with the person of either party should be abolished. He urges that the rule in its present form is simply what remains of the original common-law rule which applied to all causes of action; that recognition of the fact that the reasons for the rule have long since ceased to exist and that the rule caused injustice led to its piecemeal abolition by decision and statute; that so much of the rule as now remains is equally without reason and a cause of injustice; and that the time for its abolition is long overdue. See 3 Street, Foundations of Legal Liability, pp. 64 and 71; Winfield, 'Death as Affecting Liability in Tort,' 29 Columbia L. Rev. 239; Erickson, 'Survival of Personal Injury Actions: A Legislative Proposal,' 24 Cal. L. Rev. 716. However persuasive the argument may be, the fact is that our statute has adopted and affirmed the common-law rule against the survival of causes of action for personal injury, thus making it the rule by statute. We do not have the right to grant judgment in defiance of the statute."

In our opinion, where the purpose of the legislature in granting the right to the employer will be furthered by recognizing his claim notwithstanding the subsequent death of the employee, and where there are no considerations of public policy which would account for the extension of the limitation upon survivorship of actions to a case such as this, the bet-

ter course is to resolve whatever ambiguity exists in the language of the statute in favor of the employer whose direct loss by reason of the payments resulting from the negligence of the defendant is admitted.

In arriving at this decision, we recognize that a number of our cases suggest that in most situations the employer takes his cause of action subject to any defense that might be asserted by the third party against the employee. In Fidelity & Cas. Co. v. St. Paul Gas Light Co. 152 Minn. 197, 188 N. W. 265, for example, we held that the time within which an employer who has paid the compensation benefits provided by the Workmen's Compensation Act for the death of his employee, whose death is caused by the wrongful act of a third person, is that prescribed by our death-by-wrongful-act statute. In that case we said (152 Minn. 199, 188 N. W. 266):

"* * * The provisions of the act subrogating the employer to the rights of the employe against third persons negligently or otherwise causing injury to him, create no new right of action in either; such provisions serve only to place the employer who pays the compensation in the first instance in the position of the employe in respect to the remedies held against the third person. The employer thereby acquires such rights and such rights only as were at the time vested in the employe; nothing more, and nothing less."

We have held to the same effect in other cases, including American Mutual Lia. Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N. W. (2d) 178.[10] But there are strong reasons why the legislature would intend strict application of a statute of limitations in an action such as this which do not apply where the effort on the part of the negligent defendant is to abate the cause of action completely rather than to insist that it be timely processed.

Further, since the Fidelity case was decided in 1922, we have qualified its broad language. In Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412, decided in 1957, we held that the cause of action in favor of the employer created by § 176.061 could be

---

[10] See, also, McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714.

asserted notwithstanding the fact that the third-party tortfeasor had made settlement with the employee at a time after the employer had made the payments of workmen's compensation giving rise to his statutory claim. In the Lang case we said (250 Minn. 531, 85 N. W. [2d] 419):

"* * * [W]here an employee who receives compensation benefits under the Workmen's Compensation Act commences an action against a third-party tortfeasor under M. S. A. 176.061, subd. 5, he may settle such action with the third party without the consent of the employer or the employer's compensation insurance carrier but that such settlement does not affect the rights of the employer or compensation carrier to proceed against the third party the same as if such settlement had not been made."

If the statement quoted from the Fidelity case were to be applied literally in all cases, the opposite result would have been reached in Lang.

The underlying rationale of our decisions considered as a whole is that the statutory cause of action of the employer as against the third party represents sound legislative policy and will be preserved unless there are cogent and practical reasons for doing otherwise.

We hold, therefore, that the cause of action of the employer did not abate upon the death of the employee. This same result has been reached uniformly by the courts of other jurisdictions under statutes, however, containing language more supportive of survivorship than ours.[11]

Reversed and remanded.

---

[11] See, National Auto. Ins. Co. v. Cunningham, 41 Cal. App. (2d) 828, 107 P. (2d) 643; De La Torre v. Johnson, 200 Cal. 754, 254 P. 1105; Haverty Furniture Co. v. McKesson & Robbins, 154 Fla. 772, 19 So. (2d) 59; Manufacturer's Lia. Ins. Co. v. Overseas Shipping Co. Inc. 130 Misc. 710, 225 N. Y. S. 70; City of Milwaukee v. Boynton Cab Co. 201 Wis. 581, 229 N. W. 28, 231 N. W. 597. See, also, Orange Ice, Light & Water Co. v. Texas Comp. Ins. Co. (5 Cir.) 278 F. 8, where the court of appeals held that an action brought by an insurer was not abated by the death of the employee, but was preserved by statute.