**METROPOLITAN TRANSIT COMMISSION, Appellant,**

v.

**BACHMAN'S, Respondent.**

**No. 52093.**

Supreme Court of Minnesota.

Nov. 6, 1981.

Richard G. Spicer & Associates and Howard S. Carp, Minneapolis, for appellant.

Gislason & Martin, James T. Martin and John E. Varpness, Minneapolis, for respondent.

PETERSON, Justice.

The issue for decision is whether the Minnesota workers' compensation and no-fault automobile insurance acts preclude an employer, who has paid nonmedical temporary total disability benefits to an employee injured in a motor vehicle accident with a third party, from seeking reimbursement from the third party. We hold that the statutes preclude an employer from seeking reimbursement.

On December 30, 1978, Metropolitan Transit Commission (MTC) employee Francis Charpenter, while driving an MTC bus, was involved in an accident with a van owned by Bachman's. Pursuant to the Minnesota workers' compensation and no-fault insurance acts, MTC paid Charpenter for the personal injuries he sustained in the accident. In particular, MTC paid Charpenter $740.40 for workers' compensation medical expenses, $4,765.20 of workers' compensation temporary total disability benefits, and $32.80 of no-fault insurance benefits. Charpenter also agreed to a settlement with Bachman's without MTC's knowledge or consent. The settlement concerned claims only for noneconomic loss and did not involve claims for medical expenses or lost wages.

MTC subsequently brought a subrogation action against Bachman's in Hennepin County District Court to recover the benefits paid to its employee. Bachman's moved the district court for partial summary judgment. The district court granted the motion and dismissed MTC's claim for reimbursement of the temporary total disability benefits. MTC now appeals to this court. We affirm.

This case presents the court with another opportunity to examine the perplexing relationships among employers, employees, and third-party tortfeasors under the Minnesota workers' compensation act and the no-fault automobile insurance act. The sole issue concerns MTC's claim for reimbursement of

its temporary total disability benefit payments.[1]

Minn.Stat. § 176.061, subds. 3 and 5 (1978), provides that if an injured employee elects to receive compensation benefits from the employer, the employer is subrogated to the rights of the employee. MTC asserts a right of subrogation, pursuant to section 176.061, subds. 3 and 5, against Bachman's for its disability payments to its employee and does not assert any other type of claim, such as a right of indemnity. Indeed, this court has held that the right of an employer's workers' compensation carrier to recover workers' compensation benefits made to an injured employee from a third-party tortfeasor is limited to subrogation to the rights of the injured employee; the employer's carrier has no right of indemnity independent of its right to subrogation. *American Mutual Liability Ins. Co. v. Reed Cleaners*, 265 Minn. 503, 122 N.W.2d 178 (1963). We recognized a narrow exception to this rule, granting the employer's carrier an independent cause of action to recover workers' compensation medical expense payments made to an injured employee from a third-party tortfeasor, in *Travelers Ins. Co. v. Springer*, 289 N.W.2d 131 (Minn.1979). However, in deciding that the language of Minn.Stat. § 176.061, subd. 7 (1978), expressly creates a separate, additional cause of action for recovery of medical expense payments, we reaffirmed that in section 176.061, subd. 5, "the legislature tied the compensation carrier's rights to receive reimbursement for its compensation expenses to the employee's ability to collect from the third party. In fact, at one point the legislature actually stated 'the employer (carrier) is subrogated to the rights of the employee.'" *Id.* at 133.

The scope of this right of subrogation is clearly defined. Because the subrogee "steps into the shoes" of the subrogor,

the former is entitled to no greater rights than the latter. *Travelers Indemnity Co. v. Vaccari*, 310 Minn. 97, 102, 245 N.W.2d 844, 847 (1976); *Great Northern Oil Co. v. St. Paul Fire & Marine Ins. Co.*, 291 Minn. 97, 99, 189 N.W.2d 404, 406 (1971); *Employers Liability Assurance Corp. v. Morse*, 261 Minn. 259, 263, 111 N.W.2d 620, 624 (1961). Thus, an employer who pays workers' compensation benefits to an injured employee is ordinarily entitled to bring a subrogation action against the third party, who negligently injured the employee, for reimbursement of those payments. *See, e. g., Henning v. Wineman*, 306 N.W.2d 550 (Minn. 1981); *Paine v. Water Works Supply Co.*, 269 N.W.2d 725 (Minn.1978); *City of St. Paul v. Sorenson*, 283 Minn. 158, 167 N.W.2d 17 (1969).

The problem arises when the employer's subrogation rights under the workers' compensation act appear to conflict with the provisions of the no-fault automobile insurance act. We have previously commented on the interaction of these two statutes as follows:

> To the extent that both the no-fault and workers' compensation acts provide for compensation for personal injuries arising from motor vehicle accidents, the statutes are in *pari materia.* The presumption thereby arises that the same general legislative policy underlies these two statutes and that together they constitute a harmonious and uniform system of law.

*Record v. Metropolitan Transit Commission*, 284 N.W.2d 542, 546 (Minn.1979).

Under the "uniform system" of workers' compensation and no-fault insurance, the payment of workers' compensation benefits is primary. Minn.Stat. §§ 65B.54, subd. 3, .61, subds. 1–2 (1978); *Griebel v. Tri-State Ins. Co.*, 311 N.W.2d 156 (Minn., 1981). Thus, when an employee receives

---

1. Because of the complexity of the claim in controversy, it is necessary to emphasize what is not at issue here. Bachman's concedes that MTC has a separate and independent right of action for recovery of medical expense payments. Both parties agree that appellant's no-fault insurance payments may be recovered

only by way of arbitration. Furthermore, Bachman's does not assert that its settlement with Charpenter is a defense to, or has any bearing on, MTC's remaining claim for reimbursement of its temporary total disability benefit payments.

benefits under workers' compensation and no-fault, the no-fault benefits must be reduced by the amount of workers' compensation benefits paid. *Griebel v. Tri-State Ins. Co.*, 311 N.W.2d 156 (Minn., 1981); *Roepke v. Western National Mut. Ins. Co.*, 302 N.W.2d 350, 353 (Minn. 1981). Because the no-fault act requires that workers' compensation benefits be deducted from any of the employee's recovery, MTC's employee could not have recovered nonmedical temporary total disability benefit payments from Bachman's. Since MTC is entitled to no greater rights than its employee, it follows that MTC's claim for reimbursement of its disability benefit payments was properly dismissed. *See* Note, *Subrogation and Indemnity Rights Under the Minnesota No-Fault Automobile Insurance Act*, 4 Wm. Mitchell L.Rev. 119, 148–52 (1978).

It may be thought that our decision today imposes losses upon an already overburdened workers' compensation system which ought more properly to be placed upon the no-fault system. However, our interpretation of the overlapping provisions of the workers' compensation and no-fault automobile insurance acts compels this result. We bring this matter to the attention of the legislature so it may take action should it determine that different treatment of cases arising under similar facts is appropriate.

Affirmed.