**GREAT WEST CASUALTY CO., Respondent,**

v.

**MSI INSURANCE CO., et al., Appellants,**

**Jon Bergan, Defendant.**

No. C5–91–2385.

Court of Appeals of Minnesota.

April 7, 1992.

Review Denied June 30, 1992.

Paul T. Eidsness, Moss & Barnett, Minneapolis, for respondent.

Bradley C. Warner, Richard J. Kruger & Assoc., St. Paul, for appellants.

Considered and decided by HARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

On appeal from summary judgment in an insurance subrogation case, appellants claim the insured's failure to obtain workers' compensation insurance denied Great West Casualty Company any right of subrogation. We agree and reverse the trial court's grant of summary judgment for Great West.

## FACTS

In February 1989 Jon Bergan was injured while driving his 1977 Kenworth semi-tractor north on County Road 14 in Mower County, Minnesota. On the date of the accident, Bergan owned the semi-tractor but was leasing it to Farmers Union Central Exchange, Inc., pursuant to a one-year independent contractor agreement. Farmers Union was given exclusive possession, control and use of Bergan's semi-tractor and assumed complete responsibility for its operation.

The agreement required Farmers Union to carry cargo and public liability insurance on the equipment, as required by the Interstate Commerce Commission. Farmers Union insured the semi-tractor by a policy with MSI Insurance Co., which provided liability and no-fault coverage pursuant to Minnesota law. The policy provided that Farmers Union would pay the first $100,000 of any claim.

The agreement also required that Bergan carry a policy of workers' compensation which would provide coverage to himself. There is no dispute that Bergan failed to purchase the required workers' compensation insurance. He did, however, insure his tractor for "bobtailing," or non-trucking use, with Great West.

After the accident, Bergan submitted his no-fault claims to Great West, which paid him pursuant to its policy. Great West subsequently brought this lawsuit against MSI and Farmers Union for subrogation, claiming that, at the time of the accident, the tractor was being used in the business of Farmers Union, to whom the tractor was leased, and therefore an exclusion in Great West's policy applied. MSI and Farmers Union defended the suit by claiming that Bergan's failure to obtain workers' compensation coverage barred Great West from recovering.

## ISSUE

Does an insured's breach of contract, which bars him from seeking indemnity, bar his subrogee derivatively?

## DISCUSSION

On appeal from a grant of summary judgment, we determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We view the evidence in the light most favorable to the nonmoving party, but need not defer to the trial court's application of the law. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Appellants claim that Bergan's failure to obtain workers' compensation insurance denied Great West a right of subrogation. We agree. Generally, an insurer can pursue any rights which its insured has against the party causing the loss. *See Great N. Oil Co. v. St. Paul Fire & Marine Ins. Co.*, 291 Minn. 97, 99, 189 N.W.2d

404, 406 (1971). However, an insurer, as subrogee, has no greater rights than those possessed by its insured, the subrogor. *Metropolitan Transit Comm'n v. Bachman's*, 311 N.W.2d 852, 854 (Minn.1981). Therefore, as the subrogee of Bergan, Great West is entitled to no greater rights than Bergan and stands in his shoes.

The independent contractor agreement required that Bergan carry a policy of workers' compensation insurance to provide coverage for himself. This is consistent with Minnesota law providing that independent-contractor truck drivers will not be considered employees for the purposes of workers' compensation insurance. Minn.R. 5224.0290 (1991). Therefore, Farmers Union was not required to procure workers' compensation coverage.

Although Farmers Union had a mandatory obligation to provide no-fault benefits under I.C.C. regulations, this coverage would have been secondary to the workers' compensation benefits Bergan was required to obtain. *See* Minn.Stat. § 65B.61, subd. 1 (1990). Because workers' compensation benefits are primary, MSI and Farmers Union would have had a defense against a claim for no-fault benefits against MSI (as carrier of liability insurance of Farmers Union) by Bergan, based on his breach of the contract.[1]

The Minnesota Supreme Court has determined that a contractual agreement between two parties can extinguish a derivative subrogee's right to subrogation. *St. Paul Fire & Marine Ins. Co. v. Perl*, 415 N.W.2d 663, 665 (Minn.1987); *see also Great N. Oil Co.*, 291 Minn. at 100, 189 N.W.2d at 407 (insured may defeat subrogation rights of its insurer by executing an exculpatory agreement with the party causing loss). In *Perl* an indemnification agreement entered into between an attorney and his law firm extinguished any subrogation rights of the firm's liability insurer against the attorney for claims paid as a result of the attorney's breach of fiduciary

duty where the law firm had agreed to indemnify the attorney for such liability. Similarly, in this case Bergan's failure to purchase workers' compensation coverage, which would bar him from indemnification by Farmers Union's liability carrier (MSI), denies Great West recovery as his subrogee.

Because we have determined this case on the subrogation issue, we need not address whether Bergan was using his tractor in the business of Farmers Union at the time of the accident.

## DECISION

The trial court erred in failing to find that Bergan's breach of contract barred Great West from its subrogation claim. MSI and Farmers Union were entitled to summary judgment as a matter of law. The trial court's summary judgment in favor of Great West is reversed and remanded with instructions to the trial court to order entry of summary judgment on behalf of MSI and Farmers Union.

Reversed and remanded.

---

1. Although neither briefed nor argued, to the extent that no-fault benefits might provide greater recovery of lost wages than would workers' compensation insurance, Bergan would appear able to make a claim for the difference. Here, he has, of course, collected no-fault benefits from his own policy with Great West.