In the Matter of Arbitration Between
Lynda K. RAYMOND, claimant,
Respondent,

v.

ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY,
Appellant.

C5–95–2251.

Court of Appeals of Minnesota.

April 30, 1996.

Kenneth E. Johannson, Johannson, Taylor, Rust, Tye & Fagerlund, Crookston, for respondent.

George C. Hottinger, Erstad & Riemer, P.A., Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Respondent Linda Raymond was awarded wage loss and medical expense benefits in an arbitration proceeding pursuant to the No–Fault Act. Appellant Allied Property & Casualty Insurance Company filed a motion in district court to vacate the arbitration award on grounds that the arbitrator exceeded its authority by awarding Raymond no-fault benefits while her workers' compensation

claim was pending. The district court denied Allied's motion. We affirm.

## FACTS

Respondent Linda K. Raymond was injured in an automobile accident while she was in Fargo, North Dakota being treated for a work-related knee injury. In the morning, before the accident, Raymond went to a hospital and had dye injected into her knee for a bone scan scheduled for later in the day. While the dye was being absorbed into her system, Raymond left the hospital for two hours. Raymond claims she was returning to the hospital for the bone scan when the accident occurred.

Raymond filed a claim for workers' compensation benefits with her employer, Artco, for injuries sustained in the automobile accident. American States Insurance Company, Artco's workers' compensation carrier, denied the claim on grounds that Raymond was on a detour and, therefore, outside the course and scope of employment when the accident occurred.

Raymond also applied for no-fault benefits from her automobile insurer, appellant Allied Property & Casualty Insurance Company. Allied paid Raymond wage loss and medical expense benefits until it learned about the workers' compensation claim. Allied then intervened in that action and discontinued payment of no-fault benefits. Raymond filed an arbitration claim for no-fault benefits. In April 1995, the arbitrator awarded Raymond $10,895.06 in medical expense and wage loss benefits.

In May 1995, Raymond agreed to a settlement of her workers' compensation claim. American States agreed to pay Raymond $40,000 for wage loss benefits and $10,000 for future medical expenses and to reimburse her for mileage and specified past medical expenses. The settlement specifically provided for payment of some of the same medical expenses awarded to Raymond in the arbitration proceeding. American States also agreed to pay Allied $10,000 in full satisfaction of any claim it had for reimbursement of no fault payments. Raymond, American States, Artco, and Allied finalized and signed the settlement agreement in August 1995.

In June 1995, Allied filed a motion in the district court to vacate the arbitration award. The district court concluded the arbitrator properly awarded Raymond no-fault benefits because

> the no-fault statute authorizes payment of no-fault benefits pending the outcome of workers' compensation claims when workers' compensation benefits have not been paid to the claimant at the time of no-fault award.

The court denied Allied's motion to vacate the arbitration award.

## ISSUE

Did the arbitrator exceed its authority in awarding Raymond basic economic loss no-fault benefits when she had a pending workers' compensation claim for injuries arising out of the use of a motor vehicle?

## ANALYSIS

■■■ To ensure consistent interpretation of the No–Fault Act, "in the area of automobile reparation, arbitrators are limited to deciding issues of fact." *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). Interpretation of the law is left to the courts. *Id.* An arbitrator's findings of fact are final. *Id.* at 422. But the district court shall vacate an arbitration award when an arbitrator exceeded its power. Minn.Stat. § 572.19, subd. 1(3) (1994); *see Erickson v. Great Am. Ins. Cos.*, 466 N.W.2d 430, 432–34 (Minn.App.1991) (affirming district court's vacation of arbitration award when award was based on erroneous interpretation of No–Fault Act). Statutory construction is a question of law subject to de novo review on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

The Workers' Compensation Act and the No–Fault Act together constitute a " 'harmonious and uniform system of law' " that provides compensation for injuries arising from motor vehicle accidents. *Metropolitan Transit Comm'n v. Bachman's*, 311 N.W.2d 852, 854 (Minn.1981) (quoting *Record v. Metropolitan Transit Comm'n*, 284 N.W.2d 542, 546 (Minn.1979)).

Basic economic loss benefits shall be primary with respect to benefits, except for those paid or payable under a workers' compensation law which any person receives or is entitled to receive from any other source as a result of injury arising out of the maintenance or use of a motor vehicle.

Minn.Stat. § 65B.61, subd. 1 (1994).

"Basic economic loss benefits are payable monthly as loss accrues." Minn.Stat. § 65B.54, subd. 1 (1994).

A claim for basic economic loss benefits shall be paid without deduction for the benefits which are to be subtracted pursuant to section 65B.61, if these benefits have not been paid to the claimant before the reparation benefits are overdue or the claim is paid. The obligor is entitled to reimbursement from the person obligated to make the payments or from the claimant who actually receives the payments.

*Id.,* subd. 3 (1994).

When a statute is unambiguous, the court may not construe or interpret the statute, but rather must give effect to the plain meaning of the statutory language. *Tuma v. Commissioner of Economic Security,* 386 N.W.2d 702, 706 (Minn.1986). Pursuant to the plain language of Minn.Stat. § 65B.54, subd. 3, Allied was obligated to pay Raymond basic economic loss benefits that were due and had not yet been paid by American States. *See Record v. Metropolitan Transit Comm'n,* 284 N.W.2d 542, 545 (Minn.1979) (because obligation to pay workers' compensation benefits is often contested, purpose of section 65B.54, subd. 3 is to provide prompt payment of economic benefits to insured). The benefits awarded to Raymond in the arbitration proceeding were due before her workers' compensation claim was settled. The district court properly determined the arbitrator did not exceed its authority in awarding Raymond benefits.

Allied requested that this court decide its reimbursement rights. But Allied's reimbursement rights do not arise until after it pays the benefits owed to Raymond. Minn.Stat. § 65B.54, subd. 3. Because Allied has not yet paid those benefits, the issue of its reimbursement rights is not properly before this court.

## DECISION

The district court properly denied Allied's motion to vacate the arbitration award.

**Affirmed.**