## In the Matter of the Arbitration between Richard RACINE, claimant, Respondent,

v.

## AMCO INSURANCE COMPANY, Appellant.

### No. C8–99–1586.

Court of Appeals of Minnesota.

Feb. 22, 2000.

---

George C. Hottinger, Nicole B. Surges, Erstad & Riemer, P.A., Minneapolis, for appellant.

James C. Ballentine, William R. Sieben, Schwebel Goetz & Sieben, Minneapolis, for respondent.

Considered and decided by LANSING, Presiding Judge, DAVIES, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge

Appellant AMCO Insurance Company contests the district court's denial of its motion to vacate an arbitration award. AMCO contends that the arbitrator clearly exceeded his authority by finding the economic consumption of the decedent irrelevant when determining the extent of respondent surviving spouse's dependency under the Minnesota No–Fault Act. We reverse the district court's ruling, vacate the arbitration award, and remand for factual findings on dependency.

## FACTS

Rita Racine died in an automobile accident. Her husband, respondent Richard Racine, submitted a claim to appellant insurer, AMCO, for no-fault benefits pursuant to Minn.Stat. § 65B.44, subd. 6 (1998). AMCO denied the claim. Respondent filed a petition to arbitrate, and the arbitrator subsequently awarded him $7,519.09 in survivor's economic-loss benefits. AMCO's expert, Karl A. Egge, testified that at the time of respondent's wife's death, her economic contributions equaled her economic consumption.

The arbitrator stated:

The arbitrator has concluded in view of the holding in *Peevy v. Mutual Servs. Cas. Ins. Co.*, 346 N.W.2d 120 (Minn. 1984), petitioner falls within the category of defined dependents of 65B.44, subd. 6 [ (1998) ].

The arbitrator further concludes that in light of the following language in Peevy, the extent of dependency and any offset for personal consumption are not appropriate. * * * [T]he [Peevy] court states:

"Consideration of regularly received support is not relevant to the dependency of those persons entitled to a presumption."

[Id. at 122.] Since this is not a claim for wrongful death benefits under the statutory created cause of action for death by wrongful acts, personal consumption in the arbitrator's view is not relevant.

AMCO moved to vacate the arbitration award; the district court denied the motion.

> [T]he arbitrator interpreted *Peevy v. Mutual Servs. Cas. Ins. Co.*, 346 N.W.2d 120 (Minn.1984), to hold that even though a person may be entitled to an economic loss as a spouse or child of decedent, the issue of existence and the extent of dependency is rebuttable by the respondent. In this case respondents are claiming that the deceased would have consumed more than they earned and therefor extent of dependency is relevant and respondent should be able to * * * use [it] to rebut and offset the amount to be granted the claimant.
>
> * * * *
>
> No further proof of existence or extent of dependency is required to be proven by the statutory presumed dependent per Peevy.
>
> * * * *

The parties agree that the arbitrator interpreted the Peevy case and this Court agrees that the facts determined by the arbitrator based on its interpretation is consistent with the holding in the Peevy case. The arbitrator's interpretation is the clear language of the statute.

The district court confirmed the $7,519 award and also awarded respondent 15% interest and $200 in costs. Appellant challenges the district court order.

## ISSUE

Did the district court err in concluding that the economic consumption of a decedent is irrelevant when determining the extent of a survivor's dependency under Minnesota's No–Fault Act?

## ANALYSIS

█ In order for this court to reverse the denial of a motion to vacate an arbitration award, an appellant must prove that the arbitrator clearly exceeded his authority. Minn.Stat. § 572.19, subd. 1(3) (1998); *National Indem. Co. v. Farm Bureau Mut. Ins. Co.*, 348 N.W.2d 748, 750 (Minn. 1984) (citations omitted).

> We think that consistency mandates that the courts interpret the no-fault statutes, not various panels of arbitrators. Therefore, we hold that [when interpreting the no-fault statutes] * * * arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts.

*Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988), see e.g., *Thomas v. Western Nat. Ins. Group*, 562 N.W.2d 289, 290 (Minn.1997) (reviewing de novo an arbitrator's definition of the term "disability" under Minn.Stat. § 65B.55, subd. 2 (1996)); *Neal v. State Farm Mut. Ins. Co.*, 529 N.W.2d 330, 332 (Minn.1995) (the legal consequence of an arbitrator's finding that failure to attend an IME was unreasonable is a question of law); *Great West Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 590 N.W.2d 675, 677 (Minn.App.1999) (an arbitrator's statutory interpretation decisions regarding an inter-company arbitration agreement are subject to judicial review); *Hovland v. State Farm Ins. Co.*, 593 N.W.2d 271, 272–73 (Minn.App.1999) (reviewing de novo an arbitrator's interpretation of Minn.Stat. § 65B.56, subd. 1 (1998)); *Raymond v. Allied Property & Cas. Ins. Co.*, 546 N.W.2d 766, 767 (Minn.App.1996) (reviewing de novo an arbitrator's interpretation of basic economic loss benefits under Minn.Stat. § 65B.61, subd. 1 (1994), review denied (Minn. Jul. 10, 1996)).

AMCO argues that the arbitrator clearly exceeded his authority by finding the consumption of the decedent irrelevant when determining dependency under the no-fault act. This is a question of law, subject to de novo review.

Minn.Stat. § 65B.44, subd. 6 (1998), provides:

Survivors economic loss benefits * * * shall cover loss accruing after decedent's death of contributions of money * * * that surviving dependents would have received from the decedent for their support during their dependency had the decedent not suffered the injury causing death.

* * * [T]he following described persons shall be presumed to be dependents of a deceased person: * * * (b) a husband is dependent on a wife with whom he lives at the time of her death * * *. Questions of the existence and the extent of dependency shall be questions of fact, considering the support regularly received from the deceased.

The parties agree that under the statutory presumption, respondent was dependent on the decedent. But AMCO argues that the presumption of dependency is an evidentiary presumption and therefore is rebuttable. The plain meaning of the statute supports this argument. The statute provides that the extent of dependency shall be a question of fact. This indicates that the legislature intended factual inquiry into the economic contributions and consumption of the decedents.

AMCO argues that if respondent's dependency is a rebuttable presumption, evidence concerning the decedent's economic consumption is relevant and the arbitrator clearly exceeded his authority by finding, "any offset for personal consumption is not appropriate." Respondent cites *Peevy*, 346 N.W.2d at 122, to argue that "consideration of regularly received support is not relevant to the dependency of those persons entitled to a presumption." But the Peevy court concluded its opinion by stating:

We have decided that the insurance policy language in this case is clear and determinative, and, therefore, we do not attempt to interpret the statute.

346 N.W.2d at 123. Therefore, the language in Peevy on which respondent relies is obiter dictum and is not precedent. See, e.g., *State ex rel. Foster v. Naftalin*, 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956) (expressions in a court's opinion that go beyond the facts before the court and therefore are the individual views of the author are not binding in subsequent cases).

In contrast, the statute provides "the existence and the extent of dependency shall be questions of fact * * *." The statute invites inquiry into a decedent's economic contributions and economic consumption when determining a survivor's dependency.

## DECISION

The arbitrator clearly exceeded his authority by finding economic consumption of the decedent irrelevant when determining the extent of respondent's dependency under the no-fault statute. Accordingly, we reverse the district court's ruling against AMCO, vacate the arbitration award, and remand for factual findings on the extent of respondent's dependency; we also vacate the statutory costs and interest assessed against AMCO.

**Reversed and remanded.**