AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
v. REED CLEANERS AND ANOTHER.

122 N. W. (2d) 178.

June 7, 1963—Nos. 38,806, 38,866.

*Norman H. Nelson, Armond G. Erickson,* and *Cupler, Tenneson, Serkland & Lundberg,* for plaintiff.

*Stiening, Olson & Thysell, Myron H. Bright,* and *Wattam, Vogel, Vogel, Bright & Peterson,* for defendants.

FRANK T. GALLAGHER, COMMISSIONER.

Appeal from a judgment in favor of defendants in an action to recover amounts paid by plaintiff, American Mutual Liability Insurance Company, as workmen's compensation.

The stipulated facts are these: Lawrence H. Roy, employed by Gamble-Robinson Company under a Minnesota contract of employment, was injured on March 4, 1953, at Fargo, North Dakota, in a collision involving a truck operated by defendant James P. Hampton and owned by defendant Reed Cleaners, a North Dakota corporation doing business in the State of Minnesota.

Roy brought suit against defendants in the District Court of Cass County, North Dakota, in October 1953 to recover damages for the personal injuries caused by this accident. Prior to trial, settlement was reached and for a consideration of $1,050 a release was executed by Roy on March 25, 1954. Neither the present plaintiff nor Gamble-Robinson Company was a party to the settlement.

At the time of the accident, Roy was an employee of Gamble-Robinson Company and plaintiff was its workmen's compensation insurer. Notice of Roy's claim for compensation benefits based on the 1953 accident was received on March 11, 1957, by plaintiff. Subsequently, Roy's claim was considered by the Industrial Commission but the referee's findings and determination awarding benefits were not filed until March 24, 1960. On appeal to the Industrial Commission, it ordered plaintiff and the employer to pay compensation pending its decision.

The present action was commenced by Gamble-Robinson Company by service of a summons and complaint on defendant Reed Cleaners on May 6, 1960, and on defendant Hampton on April 26, 1960. Subsequently, plaintiff was substituted as the proper party plaintiff by agreement of counsel. The action is based on the theory that under the Workmen's Compensation Act plaintiff was subrogated to the rights of the employee to the extent of its own liability for workmen's compensation benefits. Judgment was demanded for the sum of $20,211.08.

Upon the facts so stipulated, three questions were submitted to the trial court: (1) Whether the action was barred by the applicable statute of limitations; (2) whether the release and settlement between Roy and defendants was a defense to plaintiff's action which would entitle defendants to a judgment of dismissal; and (3) whether a stipulation for dismissal with prejudice filed with the North Dakota court in Roy's action against defendants was a defense to plaintiff's action which would entitle defendants to a judgment of dismissal.

The trial court held that the release by Roy, the stipulation of dismissal, and the judgment of dismissal entered in Roy's action against the defendants were not a defense in the present action, but determined that plaintiff's action was barred by the statute of limitations, and a judgment of dismissal was entered.

The plaintiff appeals from that portion of the judgment holding the statute of limitations a bar to its action. The defendants cross-appeal from that portion of the judgment holding that the release, the stipulation for dismissal, and the dismissal with prejudice of the North Dakota

action were not a valid defense. The appeals have been consolidated for consideration by order of this court.

It is our opinion under the facts and circumstances here that the decision of the trial court that plaintiff's action was barred by the statute of limitations should be affirmed.

Here, the 6-year limitation period began to run against Roy on March 4, 1953, the date of the accident. Minn. St. 541.05.[1] This action by the employer's insurer was not commenced against defendant Hampton until April 26, 1960, or against defendant Reed Cleaners until May 6, 1960. Thus we have a lapse of more than 7 years between the date of Roy's injuries and commencement of this action. Within that 7-year interval Roy had settled his personal injury action against the defendants, on March 25, 1954, more than 6 years before this action was commenced, and had released and discharged the defendants from all claims for injuries, known and unknown, and loss of services and medical expenses sustained to that time or which might thereafter arise as a consequence of the accident. As a result, so far as the record shows, the defendants were entitled to believe from March 25, 1954, until at least April 26, 1960, when the first pleading was served in the present action, that the Roy case was closed. That was not the situation, however, so far as plaintiff was concerned because according to the affidavit of Willis B. Park, its Minneapolis branch claims manager, the first notice of a claim by Roy under the Workmen's Compensation Act was received in its Minneapolis office on March 11, 1957, in the form of a "NOTICE OF FILING CLAIM PETITION," dated March 8, 1957, before the Industrial Commission. The notice was received by plaintiff about 4 years after the accident and about 2 years before the statute of limita-

---

[1]Minn. St. 541.05 provides in part: "The following actions shall be commenced within six years:

\* \* \* \* \*

"(5) For \* \* \* any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated."

This statute applies to personal injury actions grounded on negligence. 13B Dunnell, Dig. (3 ed.) § 7057; Ott v. G. N. Ry. Co. 70 Minn. 50, 72 N. W. 833. Limitation of time relates to the remedy and is governed by the law of the forum (here Minnesota). 3 Dunnell, Dig. (3 ed.) § 1546.

tions would run out. This should have alerted plaintiff that the employee was seeking workmen's compensation for the injuries sustained in the accident of March 4, 1953; yet no action appears to have been taken by either Gamble-Robinson Company or plaintiff until at least April 26, 1960.

Basically, plaintiff contends that its present action is one for indemnification and is not barred by the statute of limitations because the cause of action did not arise until the payment was made.

Defendants claim, however, that the plaintiff's suit is one in subrogation and not indemnity. They point out that the complaint in this action sets forth a cause of action for the employee, alleging that the employer will be required to pay money to Roy for disability and medical expense and concluding, "therefore, the plaintiff is, under the Act, *subrogated* to the rights of said Lawrence H. Roy in this action against the defendants." The defendants claim that Minn. St. 1949, § 176.06, subd. 2, was the applicable statute in effect at the time the rights of the parties were determined.[2] This statute provides that where an injury for which compensation is payable is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, legal proceedings may be taken by the employee, and if the employee accepts compensation from the employer, the "employer shall be subrogated to all of the rights of such employee." It also provides that "in no case shall such [other] party be liable to any person other than the employee or his dependents for any damages growing out of or resulting from such injury or death." Thus, under the statute the only persons to whom the defendants could be held liable were Roy or his dependents, and they were barred by the statute of limitations from maintaining an action. Under these circumstances, the plaintiff cannot assert a right greater than that of Roy.

Plaintiff refers to Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412, as an acknowledgment by this court that the present action is one for indemnification. We do not consider that case

[2] Plaintiff cites Minn. St. 176.061, subd. 5. It is immaterial in so far as this decision is concerned which statute is applicable as the parts here pertinent are substantially the same.

controlling under the circumstances here, even though the word indemnification was used in that opinion. In that case a claim for compensation was filed by an injured employee, and thereafter an action was commenced by such employee against a third party, whose negligence allegedly caused the injuries. Subsequently and before trial of the issues, the compensation carrier made a motion to intervene in the action, which motion was granted. The injured employee then made a settlement with the defendant and was paid $18,500 for a general release of liability and the action was dismissed with prejudice. Following the dismissal the compensation carrier moved for an order setting aside the dismissal and release and directing that the proceeds of the settlement be impounded and paid into court to await trial of the issues framed by the original complaint and by the complaint in intervention. The motion was granted.

Under the facts in the Lang case, which were different from those here, this court considered the contention of the intervenor that an employee who commences an action against a third-party tortfeasor may not settle such action or dismiss it with prejudice without the approval of the employer or its compensation carrier who has paid compensation benefits. We held there that the employee was allowed to make a settlement and still collect compensation but that the employer or its compensation carrier was not thereafter precluded from recovering from the third party the amount it must pay, despite the settlement.

Although some of the language in the Lang case might appear to support plaintiff's position, we do not consider it applicable here where the third-party action was commenced and settlement reached prior to the filing of the workmen's compensation claim and where the stipulated facts do not indicate that defendants had knowledge of the employer's interest in Roy's action against them and there was no finding that the defendants had reason to believe that Roy's injury was sustained in the course of his employment.

Furthermore, we do not consider the Lang case as authority for the proposition that an employer or its insurer who is required to pay compensation benefits has a right of action for indemnity independent of the statute. Indemnity is a right which inures to a person who has discharged

a duty which is owed by him but which, as between himself and another, should have been discharged by the other, so that if the second does not reimburse the first, the second is unjustly enriched to the extent that his liability has been discharged. Restatement, Restitution, § 76; e. g., Lee Way Motor Freight v. Yellow Transit Freight Lines (10 Cir.) 251 F. (2d) 97. The doctrine of indemnity applies only where the identical duty owed by one is discharged by another. This principle is succinctly stated in 42 C. J. S., Indemnity, § 3, where indemnity is distinguished from subrogation as follows:

"* * * Both doctrines are based on the principle that a benefit has been conferred on defendant at the expense of plaintiff, but the principle of indemnity is more limited in application than that of subrogation, since not only must a benefit be conferred on defendant by a discharge of his duty or obligation, but the discharge must have occurred under circumstances in which plaintiff was, *at the same time, discharging a personal obligation coextensive with that of defendant.*"[3] (Italics supplied.)

The liability of the employer or its insurer to pay compensation benefits clearly does not depend upon any cause of action the employee might have against a third party, as liability exists in any event where the injury was incurred "arising out of and in the course of" his employment, regardless of negligence of anyone. Minn. St. 176.011, subd. 16.

---

[3] These principles were followed in Lee Way Motor Freight v. Yellow Transit Freight Lines (10 Cir.) 251 F. (2d) 97; Hartford Acc. & Ind. Co. v. Rowland Oil Co. (10 Cir.) 251 F. (2d) 103; Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co. (4 Cir.) 115 F. (2d) 277, certiorari denied, 312 U. S. 702, 61 S. Ct. 807, 85 L. ed. 1135. See, Standard Oil Co. v. United States (9 Cir.) 153 F. (2d) 958, affirmed, 332 U. S. 301, 67 S. Ct. 1604, 91 L. ed. 2067; Newsum v. Pennsylvania R. Co. (S. D. N. Y.) 79 F. Supp. 225. But see, Staples v. Central Surety & Ins. Corp. (10 Cir.) 62 F. (2d) 650; Stinchcomb v. Dodson, 190 Okla. 643, 126 P. (2d) 257. While the Staples case does support plaintiff's contention that it can maintain an action of indemnity independent of the compensation statute, the same court in the Lee Way case later distinguished the Staples case on its facts and refused to follow it, holding that an independent action for indemnity does not lie.

Further, the extent of the employer's liability under the compensation act is not determined by application of a common-law measure of damages but is limited by a schedule provided therein. Minn. St. 176.101. Hence, it cannot be said that the liability of Gamble-Robinson Company or of plaintiff is "coextensive with that of" the defendants, and therefore it follows that it cannot maintain an action for indemnity. Maryland Cas. Co. v. Paton (9 Cir.) 194 F. (2d) 765; Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co. *supra*.

Accordingly, the statute itself simply grants a common-law right of subrogation, which accrues to the employer or its insurer upon their becoming liable to pay compensation benefits. In recognition of this we stated in City of Red Wing v. Eichinger, 163 Minn. 54, 56, 203 N. W. 622, 623:

"* * * He claimed and received compensation and under the statute his common law action, at least in part, passed to the employer by virtue of subrogation. A statutory subrogation has the same characteristics as if it were a creature of equity. It is enforced solely for the purpose of accomplishing the ends of substantial justice and does not depend upon any contractual relation between the parties. When the employer has paid or obligated himself to pay an award of the Industrial Commission, he is by virtue of the statutory subrogation authorized to bring and maintain, in his own name, an action against a third person whose negligence was the proximate cause of the injury to the employe to whom the compensation was awarded, to recover a sum not in excess of the award."

In Fidelity & Cas. Co. v. St. Paul Gas Light Co. 152 Minn. 197, 199, 188 N. W. 265, 266, cited by plaintiff, we said:

"* * * The provisions of the act subrogating the employer to the rights of the employe against third persons negligently or otherwise causing injury to him, create no new right of action in either; such provisions serve only to place the employer who pays the compensation in the first instance in the position of the employe in respect to the remedies held against the third person. The employer thereby acquires such rights and such rights only as were at the time vested in the employe; nothing more, and nothing less."

Since we hold that the plaintiff's action was one of statutory subrogation to the rights of its insured's employee against the defendants, and since that action is barred by the 6-year limitation period, plaintiff's remedy also is barred. See, Hayward v. State Farm Mutual Auto. Ins. Co. 212 Minn. 500, 504, 4 N. W. (2d) 316, 318, 140 A. L. R. 1236; cf. Geneva Const. Co. v. Martin Transfer & Storage Co. 351 Ill. App. 289, 114 N. E. (2d) 906.

In view of the fact that it is our opinion that the trial court was correct in holding that plaintiff's action was barred by the statute of limitations, it is unnecessary to consider the questions raised on defendants' cross-appeal.

Affirmed.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.