**STATE ex rel. MANCHESTER INSURANCE AND INDEMNITY COMPANY, Relator,**

v.

**Honorable Herbert K. MOSS, Judge, Circuit Court of Jefferson County, Respondent.**

No. 58833.

Supreme Court of Missouri, En Banc.

May 12, 1975.

Goldenhersh & Newman, Leo M. Newman, St. Louis, for relator.

Briney, Welborn & Spain, Joe C. Welborn, Bloomfield, for respondent.

SEILER, Judge.

In this original proceeding in prohibition, relator-intervenor seeks to prohibit respondent judge from dismissing its cross claim for indemnity against defendant.

The plaintiffs in the underlying action are insured by the relator for liability and uninsured motorist coverage. On October 31, 1972, plaintiff Mrs. Harris had a collision with a utility pole as a result of the alleged negligence of Nelson Tenney, who had no physical contact with the Harris vehicle. Mrs. Harris, asserting she had been injured by the alleged negligence of Tenney, filed suit against him for damages. The relator was advised of the pendency of the suit, and upon learning that the defendant Tenney might be uninsured, filed a motion to intervene, to which plaintiffs consented. Relator also filed a cross claim against defendant, generally alleging that if it be determined that Tenney was negligent and thereby caused Mrs. Harris' injuries, and that Tenney was uninsured, then relator would be obligated to pay the amount of Tenney's obligation and should be indemnified by him. Both plaintiff and defendant moved to dismiss the cross claim, which motion was sustained. Relator filed a petition for writ of prohibition in this court and we issued a provisional writ; we now quash said writ.

■ There is no question but that relator is entitled to intervene in the plaintiff's case inasmuch as the result could bind relator on the issue of the uninsured defendant's tort liability and damages, State ex rel. State Farm Mut. Auto. Ins. Co. v. Craig, 364 S.W.2d 343 (Mo.App. 1963). Nor is there any question that an uninsured motorist carrier is entitled to be reimbursed from the proceeds of any recovery had by plaintiff against the uninsured motorist, limited to the amount of payment it makes to the insured by reason of the uninsured motorist coverage, Sec. 379.203, subd. 4, RSMo 1969, V.A.M.S.

The issue in this case concerns the right of the relator to cross claim for indemnity directly against the defendant.

■ Indemnity is a right which inures to a person who has discharged a duty which is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the second does not reimburse the first, the second is unjustly enriched to the extent that his liability has been discharged. Restatement, Restitution, Sec. 76; Lee Way Motor Freight v. Yellow Transit Freight Lines, 251 F.2d 97 (10th Cir. 1957); see also Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., 338 S.W.2d 1 (Mo. 1960). The doctrine of indemnity applies only where an identical duty owed by one is discharged by another, American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N.W.2d 178, 182 (1963). This principle is stated in 42 C.J.S. Indemnity § 3, p. 566, where indemnity is distinguished from subrogation as follows:

"Both doctrines are based on the principle that a benefit has been conferred on defendant at the expense of plaintiff [relator here], but the principle of indemnity is more limited in application than that of subrogation, since not only must a benefit be conferred on defendant by a discharge of his duty or obligation, but the discharge must have occurred under circumstances in which plaintiff was, at the same time, discharging a personal obligation *coextensive with that of defendant.*" (emphasis supplied).

It is clear that in the instant case, relator's duty to the plaintiff is not "coextensive" with the duty owed by defendant. Relator's duty to pay plaintiff arises from the uninsured motorist coverage in its insurance policy, and payments made pursuant thereto do not in any way constitute the discharge of defendant's duty to the plaintiff. Relator is only obligated to pay the

insured plaintiff to the extent of the policy limits, while the defendant is or may be liable to plaintiff for the full measure of her damages. Although defendant's alleged negligence may have precipitated the relator's liability to the insured plaintiff, relator's payments under the policy would neither discharge defendant's liability to plaintiff nor unjustly enrich him thereby.

█ Relator's citations, State ex rel. Laclede Gas Co. v. Godfrey, 468 S.W.2d 693 (Mo.App.1971) and Listerman v. Day & Night Plumbing and Heating Service, Inc., 384 S.W.2d 111 (Mo.App.1964), are not controlling here. In both cases, the party seeking indemnity would be liable to plaintiff on the same basis as the codefendant from whom indemnity was sought, i. e., liability arose for both from negligence, although the negligence of one might be active or primary while that of the other was only passive or secondary. In this case, however, the only duty owed by relator to the plaintiff arises from its insurance contract; it played no part in the event which caused the injuries, and its payments to the insured are separate and distinct from the obligations owed by an uninsured defendant. Relator is entitled to be reimbursed to the extent of its payments from the proceeds of plaintiff's recovery from defendant, if any, Sec. 379.203, subd. 4, RSMo 1969, V.A.M.S., but this reimbursement is in the nature of subrogation to the insured's right of recovery against the uninsured motorist, and may not be brought directly against the uninsured motorist by the insurer, Kroeker v. State Farm Mut. Automobile Ins. Co., 466 S.W.2d 105, 110–11 (Mo.App.1971).

For these reasons, the trial court was not exceeding its jurisdiction in dismissing relator's cross claim for indemnity, and the provisional writ of prohibition is hereby discharged.

All of the Judges concur.