**BOULEVARD DEL, INC., Plaintiff,**

v.

**Marvin STILLMAN, Defendant and Third Party Plaintiff,**

v.

**Arthur MACK, et al., Third Party Defendants,**

**Judy B. Mack, Third Party Defendant, Respondent,**

**James C. Theros, Third Party Defendant, Appellant.**

**No. C1–85–2181.**

Court of Appeals of Minnesota.

May 6, 1986.

Philip W. Getts, Minneapolis, for Judy B. Mack.

Andrew J. Mitchell, Minneapolis, for James C. Theros.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order for summary judgment in favor of respondent Judy B. Mack awarding her the full amount of her claim for indemnity against appellant James C. Theros. Judgment was entered November 20, 1985. We reverse and remand.

## FACTS

In January, 1979 Arthur Mack and appellant James C. Theros, along with two passive investors, purchased a restaurant business from Boulevard Del, Inc. (Boulevard). Shortly after the purchase, the individual buyers transferred the assigned assets of the restaurant to a corporation, Makiesky's Del, Inc. (Makiesky's), in which they were the principal shareholders. In return for Boulevard's agreement to permit assumption of the individual buyers' obligations by Makiesky's and to defer payment of a portion of the purchase price, Mack and Theros personally guaranteed the purchase price and the performance of other obligations contained in the agreement to sell. As further security for the performance of the personal guaranty of Arthur Mack, Boulevard requested a mortgage on his homestead. Mack executed and delivered to Boulevard a second mortgage on his home. To satisfy the requirement of Minn. Stat. § 507.02 (1984) that no conveyance of real estate shall be effective without the signatures of both spouses, Mack's wife, respondent Judy C. Mack, also executed the mortgage.

In July, 1980 Judy and Arthur Mack were divorced. Judy Mack was awarded the homestead, subject to all existing liens, including the mortgage in favor of Boulevard. Arthur Mack was awarded all shares of stock in Makiesky's. Although Arthur Mack was awarded all Makiesky's stock, the dissolution agreement specifically provided for an equal division between him and Judy Mack of any profits realized by the corporation, or if the corporation were sold, an equal division between them of the sale price.

Makiesky's restaurant business ultimately failed, leaving unsatisfied obligations to Boulevard in an amount in excess of one hundred thousand dollars. Boulevard commenced suit to recover a portion of its security against Marvin Stillman. (Shortly

after the purchase of the restaurant Stillman was substituted for the two passive investors as an additional guarantor). Stillman then commenced third party actions against Arthur Mack, James Theros, Martin Freidman, and Judy Mack. All of the third party defendants in turn filed cross-claims for indemnity and contribution against each other.

Stillman was adjudged liable on his guaranty and paid $25,000 to Boulevard in satisfaction of that judgment. Theros settled with Boulevard for an additional $25,000 to satisfy any claims it had against him pursuant to his personal guarantee. In order to avoid foreclosure on the mortgage which Arthur Mack had given as security for the purchase agreement, Judy Mack paid Boulevard $25,000 and received a satisfaction of the mortgage. Arthur Mack made no payment to Boulevard under his personal guarantee.

All claims for indemnity and contribution among the third party defendants were settled prior to trial except for Judy Mack's claims against Arthur Mack and Theros. Cross-motions for summary judgment on the claims of indemnity were made by Judy Mack and Theros against each other.

The trial court issued an order granting Judy Mack's motion for indemnity against Theros. It made no ruling on her simultaneous motion for indemnity against Arthur Mack. Judgment was thereafter entered on behalf of Mack against Theros in the amount of $25,000, plus prejudgment interest from October, 1984. Theros appeals from the entry of judgment.

## ISSUE

Does the wife of one guarantor of a debt have a direct claim for indemnity against a second guarantor of the same debt when the wife satisfies a mortgage securing her husband's guarantee on property to which she took title in her divorce from her husband?

## ANALYSIS

Theros argues that under the principles of indemnity, Judy Mack's only claim, if one is indeed available, is against Arthur Mack because the effect of her payment was to discharge the obligations of Arthur Mack to Boulevard under his personal guarantee. Theros contends that an award of $25,000 from Theros for an obligation of Arthur Mack that she voluntarily assumed during the dissolution proceeding constitutes unjust enrichment.

Judy Mack counters that her signing of the mortgage was mere compliance with the statute by use of personal funds to pay the debt of Arthur Mack and had nothing to do with her husband and Theros' business relationship with creditors.

Indemnity is an equitable doctrine which protects a person who has discharged a duty owed by himself but which, as between himself and another, should have been discharged by the other. *American Mutual Insurance Co. v. Reed Cleaners*, 265 Minn. 503, 508–509, 122 N.W.2d 178, 182 (1963). Invocation of the doctrine is required where the person seeking the remedy has paid money to satisfy the debt of the party principally responsible for the obligation. *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 371, 104 N.W.2d 843, 847 (1960). There is no uniform test for permitting indemnification; rather, the application of the remedy depends entirely upon the facts and circumstances of each case. *Larson v. City of Minneapolis*, 262 Minn. 142, 148, 114 N.W.2d 68, 73 (1962).

Theros concedes that absent the existence of the marital termination agreement Judy Mack would have a claim against Arthur Mack, if her own assets were used to satisfy the mortgage. Here, however, payment was made to avoid foreclosure on a mortgage she accepted as part of a negotiated dissolution settlement. Judy Mack took, as part of the marital termination agreement, title to the couple's home in her own name subject to the mortgage which secured her ex-husband's personal guarantee to Boulevard. The mortgage reduced the value of the asset she acquired. In exchange, assuming an equitable division

of property upon dissolution, Arthur Mack accepted a proportionately smaller amount of the other marital property.

It is evident in other provisions of the marital termination agreement that Judy Mack considered and bargained for a portion of Arthur Mack's corporate assets. The agreement specifically provides that in the event Makiesky's has assets available for distribution or is sold for a profit, Arthur Mack will return to Judy 50% of the marital assets invested by the couple in the corporation. Although certainly aware of the benefits which might accrue if Makiesky's were successful, Judy Mack chose not to bargain for a similar arrangement if, as did happen, the corporation was unsuccessful. Her failure to seek similar accommodations from Arthur for the effects of a soured business are disposed of by the final provisions she accepted, and which are contained in the divorce decree.

Judy Mack's acceptance in the dissolution agreement of her ex-husband's obligations placed her in his shoes as a co-obligor with Theros of the debts owed by Makiesky's to Boulevard. Thus, she has no right of indemnity against Theros. Theros had nothing to do with Judy Mack's agreement to sign a mortgage securing Arthur Mack's personal guarantee. Likewise, Theros had nothing to do with the negotiations between Arthur and Judy Mack concerning the distribution of marital assets and liabilities.

Theros argues the proper focus of inquiry should not be between himself and Judy Mack, but rather between Judy Mack and Arthur Mack and that it was error for the trial court not to consider the merits of Judy Mack's motion for summary judgment against her ex-husband. It was Arthur Mack's failure to pay his guarantee which compelled Judy Mack to satisfy the mortgage. The couple apparently allocated the risk of his loss between themselves prospectively when they divided their marital assets in their divorce. Whether they actually did so is the appropriate issue to be resolved by the trial court.

When the effect of the marital termination agreement is resolved, then a claim can be made against Theros not for indemnity, but rather for contribution; contribution between either himself and Arthur Mack, if it is determined by the trial court that the marital agreement does not absolve Arthur of his personal guarantee, or between himself and Judy Mack if it is determined that Judy accepted, by taking title to the house subject to the mortgage, the business debt of her ex-husband.

### DECISION

Judy Mack's acceptance upon dissolution of the house subject to the mortgage placed her in the shoes of her ex-husband and thus made her a co-guarantor with Theros of the debts they owed to Boulevard. Consequently, it was error for the trial court to grant Judy Mack's claim for indemnity against James Theros. If a right of indemnity does exist, it is between Judy Mack and Arthur Mack, dependent on an analysis of the effect of the marital termination agreement by the trial court.

Reversed and remanded.