Katherine Anne KOELLER, By and
Through Her Next Friend, John
L. KOELLER, Jr., Plaintiff,

v.

UNIVAL, INC., Defendant–Appellant,

v.

SCHNUCKS MARKETS, INC.,
Defendant–Respondent.

No. 67364.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 18, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 23, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Timothy James Phillips, Sandberg, Phoenix & Von Gotard P.C., St. Louis, for plaintiff Koeller.

Brent W. Baldwin, Bruce J. Weingard, The Baldwin Law Firm, St. Louis, for appellant Unival, Inc.

Russell F. Watters, T. Michael Ward, Kenneth K. Schmitt, Brown & James, P.C., St. Louis, for respondent Schnucks Markets, Inc.

KAROHL, Judge.

Katherine Anne Koeller sued Unival, Inc. (Unival) as the distributor of a dangerous product and Schnucks Markets, Inc. (Schnucks) as the retailer. She settled with Unival. Schnucks denied it sold the product. Schnucks' cross-claim theory is Unival's distribution of a defective product was the cause of its being sued. It prayed for reimbursement of the cost of its defense. The defense included a trial resulting in a verdict for Schnucks. The court denied Unival's motion for summary judgment on the cross-claim. Unival appeals from summary judgment in favor of Schnucks on Schnucks' cross-claim for indemnity.

On May 5, 1988, Koeller was injured while using a "Kool–It" brand fire extinguisher. She alleged a products liability action against Jet–Aer Corporation, as manufacturer, Unival, as distributor, and Schnucks, as retailer. In its answer, Schnucks denied it sold the product. In May 1991, Schnucks filed a cross-claim against Unival, alleging it was entitled to indemnity for attorney's fees and expenses incurred in defending against Koeller's suit.

On November 4, 1994, Schnucks filed a motion for summary judgment on its cross-claim. It alleged:

> As a matter of law and undisputed fact, Schnucks is entitled to be indemnified by Unival for its attorney's fees and costs incurred in defending Unival's product, the Kool–It brand fire extinguisher, because but for Unival's distribution of the product, Schnucks would not have been exposed to liability and would not have been required to incur said costs.

On August 19, 1994, Unival filed a motion for summary judgment on Schnucks' cross-claim. Unival alleged:

> As a matter of law and undisputed fact, Schnucks is not entitled to be indemnified by Unival, for the primary reason that Schnucks never sold or distributed this product, and, consequently, was never a part of the fire extinguisher's chain of distribution.

On November 21, 1994, the trial court granted Schnucks' motion and denied Unival's motion. The court found:

> [D]efendant, Unival, Inc., owed a duty to defend and indemnify defendant, Schnucks Markets, Inc., based upon the allegations of plaintiff's claim against defendant, Schnucks Markets, Inc., irrespective of whether Schnucks Markets, Inc. did or did not, in fact, sell the product. The fact that defendant, Schnucks Markets, Inc. raised as a defense at trial the issue that it was not the seller or that the product was not defective, should not allow the alleged upstream party, in this case, defendant, Unival, Inc., to escape its duties to indemnify the party alleged to be downstream, in this case, defendant, Schnucks Markets, Inc., in the stream of commerce.

The court entered judgment on Schnucks' cross-claim for $36,274.12, plus statutory interest.

Unival contends the trial court erred in granting Schnucks' motion for summary judgment because Schnucks was not within the product's distributive chain. It argues Unival and Schnucks had no "upstream"—"downstream" relationship. Hence, it had no legal duty owed to Schnucks.

 Indemnity is a right which inures to a person who has discharged a duty which is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the second does not reimburse the first, the second is unjustly enriched to the extent that his liability has been discharged. *State ex rel. Manchester Insurance and Indemnity Company v. Moss,* 522 S.W.2d 772, 774 (Mo. banc 1975). The doctrine of indemnity arises where an identical duty owed by one is discharged by another. *Id.* In addition, a seller lower in the chain of distribution who sells a product without actual or constructive knowledge of a defect and who has no duty to inspect is entitled to indemnity against one higher in the chain, such as the manufacturer. *Welkener v. Kirkwood Drug Store Co.,* 734 S.W.2d 233, 242 (Mo.App.1987).

Here, Schnucks' defense of a wrongful claim by Koeller did not discharge any duty Unival owed to Koeller. Schnucks is not entitled to indemnity from Unival because it never owed a duty to Koeller, and it had no legal relationship with Unival. Schnucks defended Koeller's products liability claim on the basis that it never sold the defective "Kool–It" brand fire extinguisher. Koeller erred in claiming Schnucks was the seller of the product. Koeller's mistake did not create a duty or legal relationship between Schnucks and Unival. As such, neither *State ex rel. Manchester Insurance and Indemnity Company* nor *Welkener* apply. In those cases there was a business relationship between the parties which existed without regard to a lawsuit.

The trial court erred as a matter of law in finding Schnucks is entitled to indemnity from Unival. We need not address Unival's second point regarding the application of § 537.060 RSMo 1986 as an alternative ground to bar Schnucks' claim.

The judgment is reversed.

GRIMM, C.J., and AHRENS, P.J., concur.