Steven Wesley OLSON, Plaintiff,

v.

Fred M. BLESENER, d/b/a Blesener's Quality Exteriors, Defendant and Third–Party Plaintiff, Appellant,

v.

Olson Brothers Construction, Inc., third-Party Defendant, Respondent.

No. C3–01–377.

Court of Appeals of Minnesota.

Sept. 4, 2001.

Peter C. Sandberg, Rochester, MN, (for appellant).

David J. Hvistendahl, Northfield, MN, (for respondent).

Considered and decided by G. BARRY ANDERSON, Presiding Judge, R.A. RANDALL, Judge and ROBERT SCHUMACHER, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Steven Olson, a 50% shareholder in, and employee of, respondent construction company, was injured on the job by appellant's negligence. Respondent, which had no workers' compensation insurance to cover the employee, paid the employee's wages until he returned to work. Respondent then successfully sued appellant to recover the wages it voluntarily paid to the employee while he was not working because of injuries caused by appellant's negligence. Appellant contends that the district court erred because Minnesota does not recognize a common-law subrogation action between an employer and third-party wrongdoer for an injury to an employee except for payments the employer is required to make under the workers' compensation act.

## FACTS

On November 19, 1996, Steven Olson was injured while working as an employee of respondent Olson Brothers Construction, Inc. He was a 50 percent shareholder in Olson Brothers, along with his brother, and was also a key employee. Olson worked as construction manager and finish carpenter at the time of his injury.

Respondent contracted with appellant Fred M. Blesener for a mobile crane and crane operator for the purpose of raising wooden trusses to the top of walls at a construction site in Northfield, Minnesota. While operating the mobile crane, the operator lost a load of ten wooden trusses he was lifting, which fell and knocked Olson off the wall. Olson landed on the concrete garage floor below and sustained serious injuries. Respondent had no workers' compensation insurance to cover the loss, and voluntarily continued to pay Olson's wages until he returned to work.

Olson commenced a personal-injury action against appellant. A jury returned a verdict in Olson's favor, apportioning 80% of the negligence to appellant and 20% to Olson. Olson was awarded damages of approximately $615,000 for his injuries, including $87,000 for income lost between the time of the accident and the time of trial. The underlying tort case was tried so as to avoid double recovery by plaintiff Steven Olson. Both parties to the trial were aware of the claim for past wages voluntarily paid, and no evidence of lost wages was introduced at trial.

By stipulation dated January 27, 2000, the parties agreed that respondent paid Olson $13,906.93 in salary and benefits during his period of disability, and that respondent's claim against appellant would be $11,125.54, which was determined by multiplying the sum paid by the 80% causal fault attributed to appellant. The parties stipulated, among other things, that the wages paid to Olson were reasonable and related to the accident, that there was no duplicate recovery for the wages paid to Olson, and that the district court could decide as a matter of law whether or not respondent could recover the wages paid to Olson from appellant. In an order and memorandum dated December 11, 2000, the district court concluded that respondent was entitled to recover $11,125.54 from appellant. On January 17, 2001, the district court ordered judgment against appellant, and this appeal now follows.

## ISSUE

Does an employer have the right to recover from a third party, through subrogation or indemnity, wages voluntarily paid to an employee injured by the third party?

## ANALYSIS

■ There is no dispute as to the facts; the issue presented is solely a question of law. The application of law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Commissioner of Revenue*, 488 N.W.2d 254, 257 (Minn.1992).

■ Respondent asserted a common-law subrogation or indemnity claim against appellant. Respondent reasoned that by paying Olson his lost wages during the period of his disability, it conferred a direct benefit on appellant. "Subrogation rests on the maxim that no one should be enriched by another's loss." *Medica, Inc. v. Atlantic Mut. Ins. Co.*, 566 N.W.2d 74, 77 (Minn.1997) (citation omitted).

■ Similarly, indemnity

is a right which inures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other, so that if the second does not reimburse the first, the second is unjustly enriched to the extent that his liability has been discharged.

*American Mut. Liab. Ins. Co. v. Reed Cleaners*, 265 Minn. 503, 508–09, 122 N.W.2d 178, 182 (1963).

[T]he principle of indemnity is more limited in application than that of subrogation, since not only must a benefit be conferred on defendant by a discharge of his duty or obligation, but the discharge must have occurred under circumstances in which plaintiff was, [a]t the same time, discharging a personal obligation coextensive with that of defendant.

*Id.* at 509, 122 N.W.2d at 182. "The doctrine of indemnity applies only where the identical duty owed by one is discharged by another." *Id.*

Ordinarily, if an employee receives workers' compensation benefits for injuries sustained in the course of employment, the employer or its insurer is entitled to recov-

er the benefits paid to the employee from the third-party tortfeasor. Minn.Stat. § 176.061, subd. 3 (2000). Here, workers' compensation benefits were not paid. The district court correctly concluded that Olson was not required to be insured under workers' compensation because he was a 50% shareholder in respondent. Minn. Stat. § 176.041, subd. 1(g) (2000). Under Minn.Stat. § 176.041, subd. 1a(d) (2000), respondent had the option to elect workers' compensation coverage. *Id.* respondent elected not to insure Olson.

There are no Minnesota appellate cases that address the subrogation or indemnity rights of employers voluntarily paying injured employees lost wages in the absence of workers' compensation benefits. Appellant argues that Minnesota "recognizes no common law action between an employer and a third-party wrongdoer for an injury to an employee" except for payments required under the Workers' Compensation Act. We disagree.

 Generally, one who is compelled to pay the debt of a third party to protect his own rights or to preserve his own property is entitled to subrogation. *Bursell v. Morgan*, 181 Minn. 462, 466, 233 N.W. 12, 13 (1930). The right of subrogation extends to parties who pay a debt in self-protection when that obligation is in dispute, because they may suffer a loss if the obligation is not discharged. *Northland Ins. Co. v. Ace Doran Hauling & Rigging Co.*, 415 N.W.2d 33, 39 (Minn.App. 1987) (citing 73 Am.Jur.2d, *Subrogation* § 25 at 615 (1974)). "Equitable subrogation is a product of the common law and its purpose is 'to place the charge where it ought to rest, by compelling the payment of the debt by him who ought in equity to pay it.'" *Medica*, 566 N.W.2d at 77 (citations omitted).

██ Here, respondent was protecting its interests when it paid wages to Olson while he was disabled. Respondent was a third-party defendant and potentially faced some amount of liability for Olson's injuries. Added to this potential liability was the company's concern about the continued viability of the business if it failed to pay Olson his lost wages during his period of disability. Olson was a key employee of respondent and a 50% shareholder in the company. If he was unable to support himself or his family for an extended period of time, this would clearly threaten the company's continued viability.

We also agree with the district court's conclusion that public policy is advanced by encouraging voluntary payments by employers to its injured employee/owners rather than requiring the employee/owner to forgo all payments until resolution of a tort action.

Because we conclude that respondent's entitlement to recover the wages paid is established under the broader theory of subrogation, we decline to address the alternative theory of indemnity here.

## DECISION

Respondent was entitled to recover wages it voluntarily paid (reduced by its percentage of liability) to its injured employee during the period of his disability.

**Affirmed.**