William E. BEELER and Norma L. Beeler, Appellants,

v.

Rickey MARTIN, Respondent,

Billy Beeler, Respondent.

No. WD 70746.

Missouri Court of Appeals, Western District.

Jan. 12, 2010.

Andrew Farwell, Kirksville, MO, for Appellants.

Gary D. Briggs, Kirksville, MO, for Respondent, Martin.

Billy Beeler, Lancaster, MO, Respondent, Acting Pro Se.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

When Rickey Martin and Billy Beeler needed a loan to start a business, they asked Billy Beeler's parents, William E. Beeler and Norma L. Beeler (the Beelers), to guarantee the loan. The Beelers agreed and pledged their $46,000 certificate of deposit as collateral for a loan to Martin and Billy Beeler's corporation. After the corporation defaulted and the bank used the Beelers' CD to offset the balance due on the note, the Beelers sued Martin and Billy Beeler for indemnity and unjust enrichment. The circuit court granted judgment in favor of Martin and Billy Beeler on the indemnity claim. The court granted judgment in favor of the Beelers on the unjust enrichment claim and awarded damages of $667 from Martin and $10,935 from Billy Beeler. On appeal, the Beelers contend that they proved their entitlement to $46,000 in damages from Martin and Billy Beeler based upon non-contractual indemnity and unjust enrichment. We affirm.

Around 2000, Martin, Billy Beeler, and Garry Poe started a trenching business. They incorporated their business and called it Ground Level, Inc. Martin, Billy Beeler, and Poe were Ground Level's officers and shareholders. They approached Commercial Federal Bank in Iowa about getting a start-up loan to buy equipment, obtain insurance, and pay employees.

Because Martin, Billy Beeler, and Poe had no collateral to secure the loan, they asked the Beelers to assist them. The Beelers agreed. The Beelers subsequently signed a third-party pledge agreement pledging to use their $46,000 CD to secure a promissory note to Ground Level in the same amount. They also signed an assignment giving Commercial Federal a security interest in the CD as collateral for the loan to Ground Level.

A few days later, Ground Level obtained the $46,000 loan from Commercial Federal. Martin, Billy Beeler, and Poe executed the promissory note on behalf of Ground Level in their capacities as officers of the corpo-

ration. The note stated that it was secured by the corporation's inventory, equipment, and accounts receivable; the personal guaranties of Martin, Billy Beeler, and Poe; and the Beelers' third-party pledge agreement. Ground Level later refinanced the note for the same amount and under the same terms, obtained an extension, and obtained two additional loans, all of which were secured by the same collateral as the original note.

Approximately one year into the business, Poe resigned as an officer of Ground Level and transferred his stock in the corporation to Martin and Billy Beeler. Ground Level never operated profitably and ceased doing business after two years. Consequently, Ground Level defaulted on the $46,000 note. Commercial Federal seized the Beelers' CD to set off the amount due on the note.

Ground Level subsequently forfeited its corporate charter and was administratively dissolved. Martin and Billy Beeler agreed to distribute Ground Level's assets and liabilities between themselves. Pursuant to their agreement, Martin received corporate assets valued at $62,000 and agreed to pay corporate liabilities of $61,333, while Billy Beeler received corporate assets valued at $15,435 and agreed to pay corporate liabilities of $4500.

After the bank seized their CD, the Beelers made demand upon Martin, Billy Beeler, and Poe for payment of the $46,000 value of the CD. The men never made any payments to the Beelers. The Beelers then filed suit against Martin and Billy Beeler for indemnity and unjust enrichment.[1] After a bench trial, the court entered judgment in favor of Martin and

Billy Beeler on the Beelers' indemnity claim. The court entered judgment in favor of the Beelers on their unjust enrichment claim and awarded damages of $667 from Martin and $10,935 from Billy Beeler. The Beelers appeal.[2]

■ Review of this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of the circuit court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We view the evidence and inferences in the light most favorable to the circuit court's judgment and disregard all contrary evidence and inferences. *Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 652 (Mo. banc 2009). We defer to the circuit court's resolution of factual issues, as it was in a better position to judge the witnesses' credibility. *Id.*

The Beelers contend in their first point that the circuit court erred in denying their claim for indemnity. The circuit court denied the claim on the basis that the Beelers had no indemnity agreement with Martin and Billy Beeler in the event that the CD was seized to pay the corporation's debts. The Beelers assert that the court misapplied the law because their claim was not for contractual indemnity but, instead, was for non-contractual indemnity.

■ Indemnity "is the shifting of responsibility from the shoulders of one person to another." *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534, 539 (Mo.App.2003). Missouri recognizes both contractual in-

---

**1.** The Beelers also sued Poe for indemnity and unjust enrichment. The court granted Poe's motion for summary judgment. The Beelers did not appeal the summary judgment; thus, Poe is not a party to this appeal.

**2.** Billy Beeler did not file a respondent's brief.

demnity, in which parties agree that one party will protect the other party against liability or loss, and non-contractual indemnity. 35 ROBERT H. DIERKER & RICHARD J. MEHAN, MISSOURI PRACTICE: CONTRACTS, EQUITY, AND STATUTORY ACTIONS HANDBOOK § 41:1 (2009). The Beelers assert that they properly pled and proved a claim for non-contractual indemnity. To establish a claim for non-contractual indemnity, which is also referred to as common law indemnity or equitable indemnity, the plaintiff must show: (1) "the discharge of an obligation by the plaintiff"; (2) "the obligation discharged by the plaintiff is identical to an obligation owed by the defendant"; and (3) "the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged." *Id.* at § 41:2 (citing *State ex rel. Manchester Ins. & Indem. Co. v. Moss*, 522 S.W.2d 772 (Mo. banc 1975)).

It is undisputed that the Beelers discharged their obligation as guarantors when Commercial Federal seized their CD to set off the amount due on Ground Level's loan. Martin and Billy Beeler owed an obligation identical to that of the Beelers because they, too, had personally guaranteed Ground Level's loan. The Beelers contend that Martin and Billy Beeler should have discharged the obligation of paying off the note because, in addition to being guarantors, Martin and Billy Beeler signed the note and were the actual borrowers. Thus, the Beelers argue, Martin and Billy Beeler were primarily responsible for paying the note.

■■ The Beelers are correct that, in a guaranty arrangement, the borrower is primarily responsible for the debt, while the guarantor is secondarily responsible in the event that the borrower does not pay. *Jamieson–Chippewa Inv. Co. v. McClintock*, 996 S.W.2d 84, 87 (Mo.App.1999). Contrary to the Beelers' contention, however, Martin and Billy Beeler were not the borrowers. The borrower was Martin's and Billy Beeler's corporation, Ground Level. While it is true that Martin and Billy Beeler signed the promissory note, they did so only in their capacities as officers of the corporation and not in their individual capacities.[3] Martin and Billy Beeler, in their individual capacities, were not primarily liable as borrowers on the note.

Ground Level was the sole entity primarily responsible for paying the note. Like the Beelers, Martin and Billy Beeler were guarantors and were only secondarily responsible. Martin and Billy Beeler, in their individual capacities, had no greater responsibility to pay as guarantors on the note than did the Beelers. The Beelers have failed to demonstrate that, as between themselves and Martin and Billy Beeler, Martin and Billy Beeler should have discharged the guarantors' obligation to pay the corporation's debt.[4] Hence, the

---

**3.** The Beelers do not contend, and the evidence does not support, that the corporate veil of Ground Level should be pierced to hold Martin and Billy Beeler personally liable for the corporation's debts. *See Patrick v. Koepke Constr., Inc. v. Paletta*, 118 S.W.3d 611, 614–15 (Mo.App.2003).

**4.** In their brief, the Beelers note that co-guarantors are each "required to bear a rata-ble proportion of the amount for which they are liable under the contract of guaranty." *Derges v. Hellweg*, 128 S.W.3d 186, 191 (Mo. App.2004) (citing *Hammons v. Ehney*, 924 S.W.2d 843, 853 (Mo. banc 1996)). While this is true, this principle of law relates to a guarantor's right of contribution, not indemnity, from co-guarantors. *See Hammons*, 924 S.W.2d at 853. Contribution and indemnity "are separate and distinct concepts." *SSM*

Beelers have failed to establish a right to indemnity. The circuit court properly denied their claim.

■■ The Beelers assert in their second point that the circuit court erred by not awarding them sufficient damages on their unjust enrichment claim. To establish a claim for unjust enrichment, the plaintiff must show: " '(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; [and] (3) that it would be unjust to allow the defendant to retain the benefit.' " *Miller v. Horn*, 254 S.W.3d 920, 924 (Mo.App.2008) (citation omitted). In its judgment, the circuit court determined that Martin and Billy Beeler were "unjustly enriched to the extent that they received assets of the dissolved corporation in excess of the liabilities of the corporation which they have paid and have not used those assets to repay the [Beelers]." Thus, the court found that Martin had been unjustly enriched in the amount of $667 and that Billy Beeler had been unjustly enriched in the amount of $10,935. The court ordered Martin and Billy Beeler to pay those amounts to the Beelers.

The Beelers contend, however, that Martin and Billy Beeler were unjustly enriched in the amount of $46,000—the full amount of Ground Level's debt discharged by the Beelers' CD. The Beelers argue that their pledging the CD as collateral for the loan conferred a benefit upon Martin and Billy Beeler, in their individual capacities, because the pledge enabled Martin and Billy Beeler to obtain the loan. The Beelers argue that Martin and Billy Beeler further benefited when the bank used the CD to discharge Martin's and Billy Beeler's liability on the note that they signed.

Again, the Beelers' argument is based upon the faulty premise that Martin and Billy Beeler, in their individual capacities, were the borrowers on the note. The corporation was the borrower. When the Beelers pledged their CD as collateral for the loan, they conferred a benefit upon Ground Level, not Martin and Billy Beeler in their individual capacities. When the bank seized the Beelers' CD to set off the amount due on Ground Level's loan, the corporation received the $46,000 benefit.

Because it was the corporation who benefited from the Beelers' pledging their CD as collateral for the corporation's loan, the circuit court correctly determined that any of the now-defunct corporation's remaining equity should be paid to the Beelers instead of Martin and Billy Beeler. Therefore, the circuit court did not err in finding that Martin was unjustly enriched by the $667 in Ground Level's equity he received and that Billy Beeler was unjustly enriched by the $10,935 in Ground Level's equity he received.[5] The court properly

*Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534, 539 (Mo. App.2003). Contribution distributes an obligation among obligors and requires each to pay a proportionate share, while indemnity shifts an obligation from one obligor to another. *Id.* The Beelers did not file an action for contribution seeking to recover Martin's and Billy Beeler's ratable portion of the guaranteed debt. Instead, the Beelers filed an action for indemnity seeking to shift responsibility for the entire guaranteed debt from themselves to Martin and Billy Beeler. We cannot find that the circuit court erred by not acting as an advocate for the Beelers and considering their claim for indemnity as one for contribution.

5. Again, the Beelers' proper cause of action was one for contribution among co-guarantors. A cause of action for contribution may have allowed the Beelers to recover Martin and Billy Beeler's ratable portion of the guaranteed debt. A cause of action for unjust enrichment allowed the Beelers to recover only the benefit actually received by Martin and Billy Beeler.

ordered Martin and Billy Beeler to pay those amounts to the Beelers.

We affirm the circuit court's judgment.

All concur.