

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| AARON RUSSELL ROESCH, | ) | No. ED112961 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 2322-CC09759 |
| | ) | |
| BRITTANY LEIGH SHEFFER AND | ) | Honorable Joseph P. Whyte |
| PEACE, LOVE, SOLD L.L.C., | ) | |
| | ) | |
| Respondents. | ) | Filed: June 10, 2025 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## OPINION

In this equity suit concerning real property, Aaron Roesch filed a petition against Brittany Sheffer and her limited liability company (Peace, Love, Sold, LLC), seeking to force Sheffer to sell to Roesch the Property next door to his home pursuant to an oral deal Roesch claims they made in March 2022 in which Sheffer agreed to buy the Property for $27,000 because Roesch was apparently unable to buy it for himself at that time for reasons absent from the record, and to then sell it to Roesch for $29,700, a ten percent increase, about a year later. Roesch claimed that Sheffer reneged on the deal and demanded $90,000 from him for the Property.

In his suit in equity which invoked principles of resulting trust and constructive trust, Roesch petitioned the court to declare him the sole owner of the Property and to award him reasonable attorney's fees. The trial court granted Sheffer's motion to dismiss the petition

because the statute of frauds barred Roesch's claims since they are based on an *oral* agreement for the sale of land and because the petition failed to state any claim upon which relief may be granted.

Roesch's first and second points on appeal attack the trial court's dismissal of his constructive trust claim and he does not raise any issue with the court's dismissal of his resulting trust claim. In point one, Roesch claims the allegations, taken as true, state a cause of action for a constructive trust since the petition pleaded there was an enforceable contract, the property description, the relationship between the parties, and that Sheffer was unjustly enriched. In point two, Roesch claims that the "full performance" exception to the statute of frauds applies here since he performed his end of the deal by tendering payment to Sheffer. In his third point, Roesch claims the trial court erred in dismissing his attorney's fees claim because he pleaded adequate facts to warrant such an award.

As to the first point, which we find to be dispositive, Roesch has failed to adequately plead a constructive trust claim because he did not plead that Sheffer *accepted* his tendered payment so as to result in her unjust enrichment.

### Background

Since we treat a petition's factual allegations as true and view the allegations favorably to the plaintiff, *McCullen v. O'Grady*, 670 S.W.3d 94, 100 (Mo. App. E.D. 2023), the relevant facts before us are what follow:

In 2022, Roesch owned property located at 6924 Minnesota Avenue in St. Louis City and wanted to own the Property next door at 6918 Minnesota Avenue. Roesch claims that he told Sheffer of his wish and that in March 2022, the parties orally agreed Sheffer would purchase the Property "for his benefit" for $27,000. Sheffer agreed to do so in exchange for Roesch's promise

2

to pay her that amount plus ten percent interest no later than April 17, 2023. At some point, Sheffer indeed purchased the Property. According to the petition, after the parties' March 2022 oral contract, Roesch performed at Sheffer's request maintenance, updates, and improvements to the Property's yard.

In March 2023, Roesch attempted several times to contact Sheffer to complete his end of the deal. Once he made contact, Sheffer indicated that the Property was worth $70,000 more because she was able to acquire that amount in tax credits. Then, in April 2023, Roesch tendered the $29,700 to Sheffer's place of employment. Roesch did not allege whether Sheffer or anyone on her behalf accepted the payment. Roesch further claims that since April, he has tried to obtain the deed from Sheffer but she has refused and now demands $90,000 for the Property.

Roesch asserted two equitable claims in his petition – a resulting trust and a constructive trust – along with his claim for attorney's fees but only the constructive trust claim is before us. Sheffer sought the petition's dismissal because the statute of frauds barred the claims in that contracts for the sale of land must be in writing and signed by the parties and Roesch alleged only an oral agreement and because the petition failed to state a claim since Sheffer did not *accept* the payment from Roesch for the Property. She also claimed that the American Rule barred Roesch's request for attorney's fees.[1]

The trial court agreed and dismissed all three claims. This appeal follows.

---

[1] In the meantime, Sheffer's counsel sent a letter to Roesch's counsel requesting that he provide evidence of their agreement and his payment. Counsel also requested that Roesch stop trespassing on Sheffer's property and that he remove a shed, a fence, a concrete wall, and bird cages from the Property. The letter stated that Sheffer would remove the structures by a certain date if Roesch failed to do so. In response, Roesch filed a petition for a temporary restraining order which remained pending until the court issued its judgment. While not relevant to this appeal, these matters give additional context to the parties' interactions.

**Standard of Review**

We review *de novo* a trial court's grant of a motion to dismiss. *Mosley v. English*, 501 S.W.3d 497, 503 (Mo. App. E.D. 2016). "'A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.'" *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. banc 2009) (quoting *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001)). "We determine if the facts alleged meet the elements of a recognized cause of action …." *LeBlanc v. Research Belton Hosp.*, 278 S.W.3d 201, 204 (Mo. App. W.D. 2008) (internal quotation marks and citation omitted). We liberally construe the petition by treating the plaintiff's factual allegations as true and view the allegations favorably to the plaintiff. *McCullen*, 670 S.W.3d at 100. But, "we disregard conclusory allegations that are not supported by the facts." *Hill-Bey v. Vandergriff*, 697 S.W.3d 105, 104 (Mo. App. E.D. 2024).

Missouri is a fact pleading state. *Doyle v. Crane*, 200 S.W.3d 581, 590 (Mo. App. W.D. 2006). The pleading must "contain a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.05. "In determining whether a petition states a claim upon which relief can be granted, we review the petition 'to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in th[e] case.'" *Barrett v. Cole County*, 687 S.W.3d 685, 695 (Mo. App. W.D. 2024) (quoting *Matthews v. Harley-Davidson*, 685 S.W.3d 360, 366 (Mo. banc 2024)).

Ultimate facts, as opposed to evidentiary facts, must be pleaded. *Konopasek v. Konopasek*, 683 S.W.3d 250, 259 (Mo. banc 2023). Ultimate facts are those which the jury must find in order to return a verdict in favor of the plaintiff. *McConnell v. West Bend Mut. Ins. Co.*, 606 S.W.3d 181, 190 (Mo. App. W.D. 2020). Conclusory allegations of fact and legal

conclusions, however, are not considered in determining whether a petition states a claim. *Id.* But "[a] petition, although imperfectly or defectively stated, will be sustained if the allegations invoke substantial principles of law which may entitle the pleader to relief." *Schnabel v. Taft Broadcasting Co., Inc.*, 525 S.W.2d 819, 821 (Mo. App. 1975).

**Discussion**

In his first point, Roesch asserts the trial court erred in dismissing his constructive trust claim. We affirm the dismissal because Roesch failed to adequately plead that Sheffer wrongfully deprived him of some right, title, or interest in property or that Sheffer was unjustly enriched since she did not accept his tendered payment.

*The Equitable Claim of a Constructive Trust*

"A constructive trust is an equitable device employed by 'courts of equity to remedy a situation where a party has been wrongfully deprived of some right, title, or interest in property as a result of fraud or violation of confidence or faith reposed in another.'" *Lynch v. Lynch*, 260 S.W.3d 834, 837 (Mo. banc 2008) (quoting *In re Estate of Davis*, 954 S.W.2d 374, 379 (Mo. App. E.D. 1997)). "[T]he touchstone for imposition of a constructive trust is injustice or unfairness, which may take the form or be the product of fraud (actual or constructive), abuse of a fiduciary or confidential relationship, undue influence, or unjust enrichment." *Brown v. Brown*, 152 S.W.3d 911, 918 (Mo. App. W.D. 2005). Thus, a constructive trust may be "'imposed where a person who holds title to property is under a duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.'" *Lynch*, 260 S.W.3d at 837 (quoting *Matlock v. Matlock*, 815 S.W.2d 110, 114 (Mo. App. S.D. 1991)).

So, to plead a constructive trust, Roesch needed to allege that he had a right, title, or interest in the Property, that Sheffer deprived him of that right, title, or interest and did so

5

unjustly or unfairly through fraud, an abuse of a relationship of trust, through undue influence or in a manner that resulted in unjust enrichment. *See id.* And with respect to unjust enrichment, since that is what Roesch claims occurred here, he needed to plead that Sheffer received a benefit or enrichment that was at Roesch's expense and that it would be unjust to allow her to retain it. *Beeler v. Martin*, 306 S.W.3d 108, 112 (Mo. App. W.D. 2010). "Imposition of a constructive trust as a remedy to prevent unjust enrichment is appropriate under limited circumstances." *Ralls County Mut. Ins. Co. v. RCS Bank*, 314 S.W.3d 792, 795 (Mo. App. E.D. 2010).

Roesch's petition fails to state a constructive trust claim because he did not plead sufficient facts establishing that he had any rights or interest in the Property since he did not pay for it and she did not accept his tendered payment which defeats his assertion that Sheffer's purported enrichment was obtained at his expense. This alone defeats his claim for a constructive trust. *See Lynch*, 260 S.W.3d at 837

Additionally, Roesch's petition is ripe with factual and legal conclusions that pursuant to our standard of review, we need not consider. *McConnell*, 606 S.W.3d at 190. For example, Roesch alleges, "Respondent has engaged in constructive fraud in violation of her promise and commitment to Petitioner." These factual and legal conclusions offer no specifics as to *how* Sheffer engaged in constructive fraud. *See Stanton v. City of Skidmore*, 620 S.W.3d 245, 250 (Mo. App. W.D. 2021) ("A petition must, at a minimum, plead ultimate facts demonstrating the claimant is entitled to relief; mere conclusions are not sufficient.").

We likewise note that Roesch failed to plead another possible avenue to get past the pleading stage – that he and Sheffer had a fiduciary or confidential relationship. Although he pleaded that Sheffer was a real estate agent, Roesch did not plead that he hired her as *his* real estate agent. In fact, he does not describe their relationship at all and therefore we cannot discern

6

from Roesch's pleading whether Sheffer had some duty to carry out the oral deal Roesch posits. *See Farmers Ins. Co., Inc. v. McCarthy*, 871 S.W.2d 82, 86-87 (Mo. App. E.D. 1994) (where plaintiff's allegation that she had exclusively relied on an insurance agent for consultation and advice and therefore had a "special relationship" did not survive defendant's motion to dismiss). Rather, according to the petition, this appears to be nothing more than an arms-length relationship.

Roesch has simply failed to plead facts showing that what occurred here was unjust or unfair in the context of this murky oral agreement. Perhaps if Roesch had tendered payment to Sheffer *before* she bought the Property such that she used that money to buy it, the result would be different. Or, if the parties had a written contract. Instead, the result here demonstrates the lasting strength and common sense of the statute of frauds. *Truskett v. Rice Bros. Live Stock Commission Co.*, 180 S.W. 1048, 1049 (Mo. App. 1915) ("The statute of frauds is not intended to apply to written contracts, but only to the enforcement of oral contracts. Its purpose is to prevent the assertion of fictitious and fraudulent contractual obligations and rights …."). Thus, the court did not err in granting Sheffer's motion to dismiss.

### Conclusion

We affirm for the reasons set forth above.

_____
James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Cristian M. Stevens, J., concur.

7